HENRY S. PERRY *vs.* HARRISON JOHNSON AND ANOTHER.

A justice's warrant for the arrest of a criminal, upon the complaint of a grand-juror, must be signed and issued by the justice of the peace to whom the complaint is addressed.

The act of 1867 provides that it shall be lawful for constables to arrest without warrant persons guilty of sundry offences named, on their own view or the speedy information of others.  A constable arrested a person for one of the offences mentioned in the act, upon a warrant which proved to be void.    The officer had no knowledge that the offence had been committed except what he derived from the written complaint which accompanied the warrant, and he supposed the warrant valid and made the arrest by virtue of it.    Held that the officer could not justify himself under the statute which authorized him to arrest without warrant.

TRESPASS for an assault and false imprisonment ; brought to the Superior Court in Windham County and tried on the

general issue, with notice, closed to the court, before *Carpenter, J.* The court found the following facts :

On the 20th day of November, 1868, the plaintiff was arrested by the defendant Smith, upon a complaint and warrant charging him with the offence of disturbing a public school in the town of Putnam. The warrant was signed by the defendant Johnson, who was then a justice of the peace of the town. The process was regular in all respects, except that the complaint was addressed to James W. Manning, a justice of the peace of the town of Putnam, and the warrant issued thereon for the arrest of the plaintiff was issued and signed by the defendant Johnson as justice of the peace.

The events at the school house out of which the complaint originated, took place at about half-past seven o'clock on the morning of the 20th of November, 1868, and the plaintiff was arrested between 8 and 9 o'clock the same morning, at his usual place of business. Sufficient time had elapsed for procuring a complaint and warrant in the ordinary mode, and there was no necessity nor reason for arresting the plaintiff without a previous complaint and warrant.

The complaint and warrant above described had in fact been obtained, and the defendant Smith, who was then a constable of the town of Putnam, arrested the plaintiff by virtue thereof and not otherwise. He then had no information that an offence had been committed by the plaintiff, except such as he might have obtained by reading the complaint. But for the process he would have made no arrest. The plaintiff was detained in custody about four hours.

The plaintiff claimed that the warrant was void, for the reason that the complaint upon which it was issued was addressed to one justice of the peace, and the warrant was signed by another, and that it afforded no protection to the defendants. The court ruled and decided according to this claim of the plaintiff.

The defendants claimed that the defendant Smith was justified in doing the acts complained of, under the circumstances detailed in the finding, by the act of 1867, which provides that it shall be lawful for constables, and their duty, to arrest

without previous complaint and warrant, all such persons as are guilty of disorderly conduct (and certain other offences,) "where taken in the act or on the speedy information of others," and to take them before a justice of the peace; and they claimed that if this were so judgment should be rendered for both the defendants. The court overruled the claim and rendered judgment against both the defendants.

The defendants moved for a new trial.

*Wait* and *H. Johnson*, in support of the motion.

*Halsey*, contra.

PHELPS, J.   The question presented for our determination in this case is, whether the process upon which the plaintiff was arrested was valid, so as to justify the magistrate who signed and the officer who served it.   The exception taken to its sufficiency is, that the complaint was addressed by name to one justice of the peace residing in the town in which the offence was committed, and the warrant was not signed by him, but by the defendant Johnson, who was also a justice of the peace in the same town.

The provision of the statute on which the plaintiff relies is in these words:  "Every justice of the peace may issue process to be served in any part of the state to apprehend and bring before himself or any other proper authority for trial or examination, any person against whom complaint is made for any criminal offence for which he ought to be brought before such authority."   General Statutes, 285, sec. 227. And it is claimed that this in terms authorizes any justice of the peace residing in the town where the offence is committed, to issue a warrant, whether the complaint is addressed to himself personally or not.

The general language of the provision above recited would seem upon its face to furnish color for that claim, and we might be inclined to adopt it but for the fact that, with a slight variation in phraseology, not affecting the sense, it can be traced through the different compilations and revisions of

our statutes for nearly a century past, and we believe it has received a contrary practical construction by an immemorial and nearly uniform usage. In Swift, and Niles, our own books of precedents, we find a strong corroboration of this usage. These show that the complaint of the grandjuror is invariably addressed to a particular magistrate by name, and the signature to the warrant is always by the identical magistrate to whom the complaint is directed.

This view is also decidedly countenanced in the case of *Neth* v. *Crofut*, 30 Conn., 580, where this court, in discussing the question of the construction of another but similar provision of the statute, when speaking of what was necessary to constitute the warrant in that case legal, and specifying the reasons why that warrant was not defective, refer among other circumstances to the fact that it was " signed by the justice to whom it was addressed." The question presented in the present case was not then before the court for adjudication, but the reasoning of the judge who prepared the opinion clearly indicates the views of the court with regard to what in their judgment was necessary to the validity of a warrant, and among the essentials particularly enumerated is included that which involves the precise question in issue here.

Again, it is important in the use of all criminal forms of proceeding, the execution of which involves the liberty of the citizen, that the greatest practicable strictness and regularity should be observed ; and to hold, in defiance of the long and uniform usage to which I have referred, that a warrant may be issued by any magistrate in a town other than the one to whom the complaint is specially directed, would be a departure from this wholesome principle, and introduce an inexcusable laxity, and an unfortunate innovation in the practice in this state.

Another point made and somewhat relied upon for the plaintiff is, that if the warrant was in fact void, the offence charged in the complaint was one for which the officer could properly have made the arrest without a warrant, under chap. 132 of the acts of 1867, " where.taken in the act or upon the

speedy information of others." In our judgment it is a sufficient answer to this claim to reply, that there was no necessity or reason for arresting the plaintiff without a previous complaint and warrant; that he had no knowledge that an offence had been committed except what he derived from the complaint; that he had the process in his possession when the arrest was made, and supposed it was valid, and made the arrest by virtue of it, and but for his having had the process would have made no arrest. In the light of these conclusive facts expressly found by the Superior Court, it would be a manifest perversion of the law and of common sense to decide that the officer acted under, or can be justified by, the provisions of this statute.

A new trial is not advised.

In this opinion the other judges concurred.