(No. 37703.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TODD HENSON, Plaintiff in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

Underwood, J., took no part.

Chester Thomson, of Bloomington, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Ray Moss, State's Attorney, of Clinton, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

At a bench trial in the circuit court of DeWitt County defendant, Todd Henson, was found guilty of rape and sentenced to three to six years in the penitentiary. The indictment charged that on April 23, 1962, Henson had sexual intercourse with the complaining witness, a girl of 16, by force and against her will. The defendant seeks a reversal of the judgment on the grounds of insufficiency of proof and error in permitting one of the State's witnesses to become a court's witness without proper cause.

At approximately 10:30 on the evening of April 23, 1962, the defendant and two other boys, Smith and Killian, called at the home of the complaining witness. Smith had

previously made arrangements with her for a "coke date" and brought the two other boys along. Henson drove, Killian was in the front seat, and the girl and Smith were in the back. The car was driven out in the country, where it was parked. Smith first had intercourse and then left the rear seat. Henson then entered the back seat and the complaining witness testified that she kicked and hit him. She then asked to get out of the car to relieve herself, was permitted to do so, and ran back of the car about 45 or 50 feet. Killian then caught up with her, took hold of her and escorted her about half way back to the car where she was met by Henson. It appears that she then returned to the car and again got into the back seat with Henson. She stated that she lay back on the seat as a result of the defendant's pushing her and her struggling with him. After Henson had intercourse with her, Killian got in the back seat and had intercourse with her.

Henson then drove back into town and stopped at a well-lighted restaurant with several cars parked out in front. She was left alone in the back seat while Smith went in to get some cigarettes. She made no effort to get out of the back seat or to seek help in any way. On the way to her home she saw her father approaching in a car and again made no outcry. Upon arriving at her home, she was crying and had to be calmed by her mother. Her father and mother testified to seeing blood on her dress, underclothing and sweater. The bandage on an injured arm of the defendant was also bloody. The father also testified to certain bruises on her body. The family doctor testified that he examined the girl the following morning, observing bruises, abrasions, slight vaginal bleeding and tenderness in the vaginal area. He described the condition of her left wrist, which had been injured at school the previous November, the metal splint on her left arm and the dressing used to keep the arm immobilized from below the elbow except for the finger tip use.

Defendant's primary contention is that the girl's partici-

pation in the intercourse was voluntary and that therefore he cannot be guilty of rape. Her lack of forceful resistance and failure to make certain outcries are especially noted by the defendant. He also points out that the medical findings were not of an extremely serious nature, and that the testimony of Killian and Smith corroborated that of defendant.

It appears from the record that the girl did try to get away from these boys and was prevented from doing so. She testified that one of the boys said that unless she got back in the car they would break her neck. At the time of the assault she had one arm in a cast and splint. All of the conditions surrounding the time and place were noted by the trial court. A young girl 16 years of age found herself out in the country in a car with three boys who had been drinking. The car was stopped a mile from the nearest farm house. This farm house had no lights and there were no farm houses on the way to the scene.

In view of the clear attempt to escape, the futility of further resistance against three older boys is apparent. Also the failure to make outcry while in the car after the acts of intercourse took place is understandable. (*People* v. *Williams*, 23 Ill.2d 295.) The prosecuting witness's claim of resistance is corroborated by her prompt report of the affair to her mother, and the medical testimony of her condition. While Smith and Killian testified in substance that they were all willing participants in the affair and that it was a voluntary undertaking on the part of the prosecuting witness, the credibility of the witnesses was for the trial court's determination. We have repeatedly held that where a case is tried without a jury the determination of the credibility of the witnesses and the weight to be given to their testimony is for the trial judge, and this court will not substitute its judgment on such matters for that of the trial judge, who saw and heard the witnesses. *People* v. *Mack*, 25 Ill.2d 416.

Defendant also complains that the trial court erred in making Smith, one of the participants in the affair, the court's witness. Such action is largely within the discretion of the trial court. Smith's participation in the events in issue, and his conduct as a witness, justified the trial court's action. We find no error in this regard.

Unless this court is able to say that the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of the guilt of the defendant, the finding of the trial court will not be disturbed. (*People* v. *Reaves,* 24 Ill.2d 380.) We have carefully reviewed the record in this case and cannot say that the evidence is so improbable or unsatisfactory in this case as to require a reversal.

The judgment of the circuit court of DeWitt County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE UNDERWOOD took no part in the consideration or decision in this case.