STATE OF CONNECTICUT *v.* JOHN DiLEO

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 9794
AT WATERBURY

Memorandum filed September 23, 1969

 

*Francis M. McDonald,* state's attorney, for the state.

*Goldstein & Peck,* of Bridgeport, for the defendant.

BARBER, J. The defendant has moved to dismiss the information. The motion is in three parts. Part A alleges that the state's attorneys are appointed by the judges of the Superior Court and are members of the judicial department and that the assignment of criminal cases for the purposes of motions, pleas, trials and dispositions is made by the state's attorney's office rather than by the clerk. The defendant claims that the method of appointment of state's attorneys violates the separation of powers doctrine of the constitution and that the method of handling criminal cases deprives the defendant of an adversary due process hearing. Part B alleges that the prosecution of this case resulted from an inquiry pursuant to General Statutes § 54-47, which is unconstitutional because the inquiry generated considerable publicity; that the defendant was not allowed to be present with counsel and cross-examine witnesses; and that he was not adequately warned of his rights. Part C alleges that the defendant was arrested without a showing of probable cause. *State* v. *Licari,* 153 Conn. 127. It further alleges that the magistrate made no finding of probable cause and did not sign the warrant.

### A

The state's attorneys are appointed by the judges of the Superior Court. General Statutes § 51-175. Their salaries are paid from funds appropriated by the General Assembly to the judicial department. From time immemorial, it has been a function of the

court not only to admit attorneys to the practice of law but to appoint prosecuting officers. See *O'Brien's Petition,* 79 Conn. 46, 49; *Heiberger* v. *Clark,* 148 Conn. 177, 185. Public defenders have always been appointed by the judges of the Superior Court. General Statutes § 54-80. As has been pointed out, "personnel in the judicial department, other than the judges themselves whose mode of appointment is established in the constitution, have from time immemorial been appointed by the judges of the respective courts. As to constitutional courts, there is no question that, as stated in *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 596 . . . , '[u]nder our State Constitution appointments, other than those whose mode is prescribed [in the constitution], are governed by the division of governmental powers'. Thus, the appointment of the personnel in a constitutional court, including, but not limited to, state's attorneys, public defenders, clerks of court, and messengers, is not within the power of the General Assembly." *Adams* v. *Rubinow,* 157 Conn. 150, 163 n.4.

Although criminal matters are not always assigned in a formal manner like civil cases, they are at all times subject to the control and order of the court as to assignment and priority of hearings and trials, as well as to the granting of continuances. Because criminal cases must be all tried by the state's attorney or his assistant, rather than by different individual attorneys, and because the state's attorney in these times is involved in the prosecution of many different cases, hearings and trials of such cases cannot be arbitrarily assigned. They must be set down for hearing at times that are reasonable to both the state and the accused. There has not been any showing in this case that the defendant has not been accorded due process or that any unfair practice has been used in his case.

Neither the method of appointing state's attorneys nor the method of assigning cases for hearing and trial constitutes sufficient grounds for defendant's motion to dismiss.

## B

The motion to dismiss for the reasons set forth in part B, which attacks the constitutionality of General Statutes § 54-47, authorizing investigations into the commission of crime and the mode of procedure, must be denied. In so far as the defendant claimed that he should not have been compelled to incriminate himself, the record shows that he gave testimony voluntarily. The defendant was warned: (1) "You know you have the right under the Fifth Amendment of the Constitution of the United States, to refuse to answer any questions that may be asked of you which might tend to incriminate you." (2) "You also know that you have the right to consult with an attorney and to be excused from this hearing room to talk with your attorney concerning any questions and answers that may be asked of you before Justice O'Sullivan." (3) "And, of course, if you can't afford an attorney, we would see that one was furnished to you." (4) "And you also know that anything you testify to here this afternoon could be used against you later on in court?" Defendant, nevertheless, waived his constitutional right not to testify.

Although the defendant was not subject to a "custodial police interrogation," the warning given was adequate, in any event. *State* v. *Benitez,* 157 Conn. 384, 388.

## C

The defendant is charged in the information with two counts of larceny. General Statutes § 53-63. His claim that he was arrested without a showing of probable cause is without merit. The order for the

issuance of the bench warrant recites that "it is found by the Court from said affidavits that probable cause exists for the filing of said information and for the issuance of said bench warrant." The order is "By the Court (Gaffney, J.)," and is signed by the clerk. See General Statutes § 54-43, which provides for the issuance of bench warrants by the Superior Court or, when the court is not in session, by any judge thereof. This finding and order is not by the clerk purporting to exercise a judicial function but by the court, presumably in open court, before a court reporter. The clerk, in the exercise of a ministerial function, merely prepares and signs the oral order of the court to preserve accurately the acts of the court. General Statutes § 51-52; Practice Book § 314; *State* v. *Lindsay*, 109 Conn. 239, 242. The order as prepared and signed by the clerk is presumed to be accurate. *State* v. *Lenihan*, 151 Conn. 552, 554. The case of *Caulk* v. *Municipal Court*, 243 A.2d 707 (Del.), must be distinguished. In *Caulk*, the warrant was issued by the clerk purporting to exercise a judicial function. Such is not the factual situation here.

The application for a bench warrant was accompanied by two affidavits by a police officer. One of them refers to the report of the referee who made the inquiry pursuant to General Statutes § 54-47. The referee found that the defendant received stolen property and that he actually knew or should have known that the goods had been stolen. These facts plus those in the second affidavit adequately suffice as the basis of probable cause. The possession of stolen goods and the disparity between their value and the amount paid for them are sufficient to support the necessary basis for an inference. *State* v. *Palkimas*, 153 Conn. 555, 558.

The motion to dismiss is denied.