THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM LA VALLEY, Defendant-Appellant.

(No. 55710;

First District—October 4, 1972.

Frank G. Whalen, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, James Truschke, and William C. Braverman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County. The court, sitting without a jury, found the defendant guilty of theft and sentenced him to probation.

On August 14, 1968, John Walsh, a Chicago Police Officer, received a telephone call from an informant who stated that a load of Zenith phonographs taken in a theft in Cicero, Illinois, could be found in a garage located at 4053 North Avers in Chicago, Illinois. Police records indicated that the theft of 625 Zenith phonographs had been reported by a Cicero trucking firm on August 7, 1968. Officer Walsh placed the garage under surveillance and on August 14 and 15 observed a man later identified as William La Valley, the defendant, remove cartons from the

garage and place them in an automobile. The name Zenith could be seen on the cartons. On August 15, Officer Walsh also saw numerous cartons stacked in the garage, all with Zenith labels and in the area immediately adjacent to the garage found several packing slips, later identified by a Zenith security official as being of the type packed by Zenith with its phonographs.

Pursuant to a search warrant, Officer Walsh and another officer searched the garage, which was owned by a Renee Scully and rented to the defendant, and recovered 368 phonographs. At trial it was stipulated that these phonographs were the property of the Zenith Corporation, that they exceeded $150 in value and that the defendant did not have the permission of the Zenith Corporation to exercise control over them. The defendant testified that he did not know that the phonographs were stolen and that he had stored them in the garage at the request of a Mr. DiMaso, who was also arrested. He stated that DiMaso had told him that the phonographs belonged to a Bob Range and that they were "railroad merchandise." Defendant knew Range because he had seen him on several occasions at the loading dock of the building in which the defendant was employed and because Range was in the wholesale business, as was the defendant.

On appeal the defendant contends first that the warrant authorizing the search of his garage was improperly issued and second that he was not proven guilty beyond a reasonable doubt.

On August 16, 1968, a two page complaint for search warrant was presented to the Circuit Court of Cook County. Page one sets fourth that the complainant, who was Officer Walsh, had received information that a load of Zenith phonographs stolen in Cicero, Illinois, could be recovered in a garage at 4053 North Avers, Chicago, that police records indicated the theft of some Zenith phonographs in Cicero and that the garage was owned by one Renee Scully, a known associate with receivers of stolen property. Page one ended in the middle of a sentence and, by the word "over", directed attention to the second page. The second page set forth that the complainant had seen a white male remove cartons bearing Zenith labels from the garage, had seen numerous such cartons in the garage and had found three Zenith packing slips in the vicinity of the garage. Both pages were signed by the complainant; however, the oath and judge's signature appeared only on the first page. Defendant contends that, as only the first page was signed by the judge, only it could be considered by him, and, as it clearly does not show probable cause for the issuance of a search warrant, defendant's motion to quash the warrant and suppress the evidence seized under it should have been granted.

■■■ Section 108—3 of the Criminal Code, Illinois Revised Statutes, Chapter 38 (1971), provides for the issuance of search warrants "[u]pon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause * * *." Defendant contends that only page one of the complaint executed by Officer Walsh met the requirements of this section, as only it was sworn. This section must, however, be read in conjunction with section 108—14, which provides that "[n]o warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." We are convinced that the defect complained of was merely technical and did not affect the defendant's substantial rights. Page one of the complaint ended in the middle of a sentence and directed attention to the second page. Clearly the complaint was complete only when considered as a two page document. The form on which the complaint was executed contained an oath and judge's signature line only on the first page, and thus it is reasonable to assume that the oath was intended to apply to the second page as well. Taken as a whole, the complaint contained sufficient information for the court to have found probable cause for the issuance of the warrant and for the defendant to have been informed of its basis. The complaint was sufficient, and we find no merit in the defendant's first contention.

Defendant also contends that he was not proven guilty beyond a reasonable doubt. He argues that the openness with which he received, stored and occasionally transported the phonographs is inconsistent with the conclusion that he knew they were stolen.

■ To sustain a conviction for theft based upon receipt of stolen property, it must be proved that the defendant knew that the property was stolen at the time he received it. (*People v. Holtzman* (1953), 1 Ill. 2d 562, 570, 116 N.E.2d 338, 342-43; *People v. Piszczek* (1949), 404 Ill. 465, 470, 89 N.E.2d 387, 390.) However, such knowledge may be established by proof of circumstances which would induce belief in a reasonable mind that the property had been stolen and by the receipt of such property by the accused without inquiry as to its source or the title of the one from whom it was received. (*People v. Wysocki* (1960), 20 Ill.2d 62, 67, 169 N.E.2d 264, 267; *People v. Mowry* (1955), 6 Ill.2d 132, 136-37, 126 N.E.2d 683, 685.) We believe that the record in the present case contains sufficient evidence for the trial court as trier of fact to have found beyond a reasonable doubt that the defendant knew that the phonographs were stolen at the time that he placed them in his garage. The trial court was in the best position to determine the credibility of the witnesses and weigh the evidence, and in the absence of a clear showing that its findings were without basis in the record, we

will not disturb its decision. See *People v. Henson* (1963), 29 Ill.2d 210, 214, 193 N.E.2d 777, 779; *People v. Vail* (1966), 74 Ill.App.2d 308, 313, 221 N.E.2d 165, 167-68.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.