512 P.2d 14

**YUMA COUNTY ATTORNEY,**
Petitioner,

v.

**The Honorable John A. McGUIRE, Judge of the Superior Court and Oscar C. Williams, Jr., Respondents.**

No. 11263.

Supreme Court of Arizona, En Banc.

July 18, 1973.

Rehearing Denied Sept. 18, 1973.

Wm. Michael Smith, Yuma County Atty., pro se.

Paul Hunter, Yuma, for respondent Oscar C. Williams, Jr.

HAYS, Chief Justice.

The Yuma County Attorney filed a petition for special action with this court, alleging that the Honorable John A. McGuire had improperly granted a motion to suppress in the rape prosecution of Oscar Charles Williams, Jr. Williams is charged with forcible rape with a prior conviction for the October, 1972, rape of a 17-year-old girl. The Yuma County Attorney seeks an order vacating the order granting the motion to suppress. We accept jurisdiction of the petition for special action and grant the relief requested.

The facts relevant to this petition are as follows: On October 8, 1972, the victim reported to the Yuma Police Department that she had been raped by a black male just before midnight on October 7, 1972. She described her assailant and the clothes he wore. On October 9, 1972, she viewed a photographic lineup and identified a photograph of Oscar Charles Williams, Jr., as the man who had raped her. The police then determined Williams's address.

On October 12, 1972, Detective John Gross and the Yuma County Attorney's Office drew up a search warrant for the search of Williams's residence. The object of the search was to seize the clothes worn by the accused at the time of the assault. A justice of the peace was unavailable, so Detective Gross contacted the Honorable William Nabours, Judge of the Superior Court, for the issuance of the search warrant. Judge Nabours reviewed the search warrant and supporting affidavit, put Detective Gross under oath and had him sign the affidavit. Judge Nabours signed the affidavit but, through accident or oversight, failed to sign the search warrant itself. Later that same day, Detective Gross and some other officer served the search warrant on Williams's residence and found highly incriminating evidence.

The defendant filed a motion to suppress on the grounds that the warrant was invalid because it lacked the issuing judge's signature. At the hearing on the motion before Judge McGuire on June 18, 1972, Judge Nabours testified that he recalled when the search warrant was presented to him, that he reviewed the affidavit, that he was satisfied there was probable cause for the warrant, and that he intended by his actions at the time to issue a warrant. Judge McGuire granted the motion to suppress.

We are asked to decide if Judge Nabours's inadvertent failure to sign the search warrant affects the warrant's validity.

The statute in question is A.R.S. § 13–1441, the relevant part of which reads as follows:

A search warrant is an order in writing issued in the name of the State of Arizona, signed by a magistrate, directed to a police officer . . .

Although the language of the statute appears to require the issuing judge's signature, we hold that Judge Nabours's failure to sign in the instant case did not invalidate the warrant. Warrants and the affidavits on which they are based must be read in a common-sense way rather than technically. Commonwealth v. Wilbur, 353 Mass. 376, 231 N.E.2d 919 (1967). The case in question is one of mere technical oversight and a technical error does not invalidate a warrant under our state constitution nor under our case law, Ariz.Const. art. 6, § 22, A.R.S., State v. Allen, 9 Ariz. App. 196, 201, 450 P.2d 708, 713 (1969).

The key element in the issuance of a search warrant is the consideration by a neutral and detached magistrate. The Ari-

zona Legislature recognized this fact when it authorized the use of telephonic search warrants where the warrant is signed by the police officer signing the warrant in the name of the issuing magistrate. A.R.S. § 13–1445. Judge Nabours signed the affidavit in support of the search warrant and intended by his actions to give legal effect to the issuance of the warrant. Judicial consideration was given to the question of the existence of probable cause, probable cause for the issuance of the warrant was found, and the affidavit was signed by the judge. We hold that the inadvertent failure to sign the warrant did not invalidate the warrant.

The order granting the motion to suppress is vacated, and the case is remanded for further proceedings.

STRUCKMEYER and HOLOHAN, JJ., concur.

Note: Vice Chief Justice CAMERON and Justice LOCKWOOD did not participate in the determination of this matter.