STATE OF NORTH CAROLINA v. CALVIN LOUIS BRANNON

No. 7521SC126

(Filed 7 May 1975)

1. Searches and Seizures § 3— signing of warrant — no invalidation for technical error

Search warrant was not invalidated by the fact that the magistrate signed it at the place set aside for the affiant and that the Chief of Police, who was the affiant, signed it at the place set aside for the magistrate.

2. Searches and Seizures § 3— affidavit — time of signing

Though the record indicated that the affidavit was actually signed subsequent to the signing of the search warrant, the trial judge's finding and conclusion that the search warrant "was issued upon probable cause as set out in the affidavit to obtain the warrant" was supported by the evidence adduced at the *voir dire* hearing.

3. Searches and Seizures § 3— warrant valid on its face — allegations sufficient to establish probable cause

Where the search warrant was valid on its face and the sworn allegations in the affidavit were sufficient to establish probable cause, it is not necessary for the court on appeal to discuss the validity of the allegations in the affidavit or the credibility of the affiant.

APPEAL by defendant from *Exum, Judge.* Judgment entered 17 September 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 April 1975.

The defendant, Calvin Louis Brannon, was charged in a warrant proper in form with the misdemeanor larceny of three dogs belonging to George O. Gunter.

The defendant pleaded not guilty but was found guilty by the jury. From a judgment that he be imprisoned for eighteen months, defendant appealed.

*Attorney General Edmisten by Associate Attorney Raymond L. Yasser for the State.*

*Blanchard, Tucker, Twiggs & Denson by Irvin B. Tucker, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motion to suppress any and all evidence regarding a leather dog leash seized

pursuant to a search of the trunk of his automobile. After an extensive voir dire hearing on the defendant's motion to suppress, the trial court made detailed findings and conclusions, which included the following:

> "4. The search warrant offered in evidence as State's Exhibit Number Two was issued upon probable cause as set out in the affidavit to obtain the warrant as amplified by the testimony of Chief Wilson at the voir dire hearing and is a valid search warrant notwithstanding the fact that the magistrate signed the warrant in the space set aside for the affiant and that Chief Wilson signed in the space set aside for the signature of the magistrate."

[1]  Citing G.S. 15-26 which requires that a search warrant be signed by the issuing officer, the defendant argues that the search warrant in the instant case was not "properly signed" because the Chief of Police signed the search warrant and not the magistrate. The search warrant shows on its face that it was signed by the magistrate at the place set aside for the affiant and that the Chief of Police signed it at the place set aside for the magistrate. G.S. 15-27(b) provides that mere technical deviations in a search warrant do not invalidate the warrant. Clearly, the fact that the issuing magistrate's signature was misplaced on the warrant is a mere technical deviation, which does not invalidate the search warrant.

[2]  Next, the defendant contends the search warrant was issued "without affidavit," because the affidavit indicates that it was signed at 1:30 p.m., while the search warrant itself shows on its face that it was issued at 1:20 a.m. While the record indicates that the affidavit was actually signed subsequent to the signing of the search warrant, the trial judge's finding and conclusion that the search warrant "was issued upon probable cause as set out in the affidavit to obtain the warrant" is supported by evidence adduced at the voir dire hearing and is conclusive on appeal. *State v. Wingard,* 9 N.C. App. 719, 177 S.E. 2d 330 (1970), appeal dismissed, 277 N.C. 459, 178 S.E. 2d 226 (1971).

[3]  Finally, defendant contends that the evidence in the affidavit to establish probable cause for the issuance of the search

warrant was illegally obtained. In *State v. Harris,* filed 16 April 1975, Judge Clark, speaking for this court, said: ·

> "We adopt the majority rule that where the search warrant is valid on its face, and the sworn allegations are sufficient to establish probable cause, the defendant may not dispute and attack the allegations, or the credibility of the affiant or his informant, in the voir dire hearing on the defendant's motion to suppress the evidence seized by law officers pursuant to the search warrant. *State v. Salem,* 17 N.C. App. 269, 193 S.E. 2d 755 (1973), *cert. denied,* 283 N.C. 259, 195 S.E. 2d 692 (1973). See also Annot., 5 A.L.R. 2d 394 (1949)."

Therefore, since the search warrant is valid on its face and the sworn allegations in the affidavit are sufficient to establish probable cause, it is not necessary for us to discuss the validity of the allegations in the affidavit or the credibility of the affiant. We hold the search of the defendant's automobile and the seizure of the leather dog leash pursuant to the search warrant was proper and the trial court did not err in denying the defendant's motion to suppress the evidence.

Defendant attacks other findings and conclusions of the trial court sustaining on other grounds the validity of the search and seizure; however, in view of our decision holding that the search warrant is valid, it is not necessary for us to discuss these contentions. Defendant's one assignment of error is overruled.

No error.

Judges BRITT and MARTIN concur.