Allan Dixon, J.
On August 23, 1973, various items were seized pursuant to a search warrant, and the defendant Timothy Coburn was thereafter arrested for allegedly violating sections 220.15, 220.45, subdivision (2) of 265.05 (now 265.02, subd [4]), and subdivision (8) of 265.05 (now 265.02, subd [3]) of the Penal Law. Defendant moves to suppress the evidence seized upon execution of the search warrant. The issue is whether the lack of a jurat on an application by a police officer can be cured by subsequent affidavits so as to substantially comply with CPL 690.35.
The search warrant application states that the affiant, one Officer Peter Marks, had responded to a telephone call that a fight was in progress in the third floor apartment at 127 Fourth Street, Troy, New York, and that someone was in need of assistance. The application states that the apartment door was open, and that upon beaming his flashlight inside Officer Marks observed a table which had a quantity of marijuana on top of it, as well as a bent teaspoon containing a white powder and a tablespoon containing a white powder alongside the marijuana on the table. The search warrant application also stated that Officer Marks smelled the odor of burning marijuana in the hallway outside the door. With this information, Officer Marks applied for a search warrant that was later issued by Supreme Court Justice John T. Casey. However, the search warrant application was merely signed by Officer Marks. No jurat appears on the face of the application.
CPL 690.35 (subd 1) provides that "An application for a search warrant must be in writing and must be made, subscribed and sworn to by a public servant specified in subdivision one of section 690.05.” (Emphasis added.) Subsequent sworn affidavits, one executed by Officer Marks and another executed by Justice Casey, attempt to cure the search warrant *675 application’s lack of a jurat by showing that Officer Marks orally swore to the truth of the application’s statements before Justice Casey. However, Justice Casey’s affidavit, dated December 2, 1974, states "That due to the length of time that has elapsed, I cannot state what the particulars were of the events which occurred on that particular evening. However, it is my custom on search warrants to have the affiant swear to the truth of the facts contained in his or her statement, to do this orally in front of me, and then to sign the affidavit in front of me.” (Emphasis added.) Officer Marks’ sworn affidavit maintains that this actually occurred on August 23, 1973 when he applied for the search warrant.
In a civil case, an application for review and correction of a tax assessment was required to be "in writing under oath.” The application was in writing, and signed, but the jurat was inadvertently left blank. The uncontradicted testimony at trial, by the person signing the application and also by the notary, was that the oath was orally administered before the application was signed. (People ex rel. Fifth Avenue and 37th St. Corp. v Miller, 261 App Div 550, 551, affd 286 NY 628.) But in the instant case the evidence as to whether Officer Marks was orally sworn does not, at best, conclusively establish that he was sworn.
In the absence of contrary evidence, it has been held that there is a presumption of regularity that the Judge truthfully stated that the officer swore to the document and properly exercised the function of his office. (People v McIver, 39 AD2d 671, affd 31 NY2d 735.) But again, Justice Casey could not so swear in his subsequent affidavit.
Finally, the question arises whether there was substantial compliance with the statutory purpose of CPL 690.35. "In enacting CPL 690.35, the Legislature must have been of the belief that the possible imposition of criminal penalties for false swearing would serve as a deterrent to abuses and misuses of the warrant procedure.” (People v Johns, 41 AD2d 342, 344.) It is uncertain, at best, whether Officer Marks was orally sworn by Justice Casey when Officer Marks applied for the search warrant.
As a result, under the facts of this case the lack of a jurat on the search warrant application was not cured by the subsequent affidavits. Since the application for the search warrant is defective, the search warrant itself must fail.
The motion to suppress evidence seized upon execution of *676 the search warrant, dated August 23, 1973, which authorized an immediate search of the entire third floor apartment located at 127 Fourth Street, Troy, New York, is granted.