344 So.2d 248 (1976)
Richard T. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1430.
District Court of Appeal of Florida, Second District.
July 16, 1976.
*249 Philip W. Dann of Baird, Robinson & Dann, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
NcNULTY, Chief Judge.
Appellant assails an order denying his motion to quash and suppress certain marijuana and paraphernalia seized pursuant to a warrant. Specifically, he urges that the warrant was invalid. We agree.
Police Lt. Schmelter of the St. Leo Police Department presented his affidavit and application for search warrant to the presiding circuit judge. An original typewritten document entitled "SEARCH WARRANT", presumably sufficient on its face, was prepared. This original document was, however, never signed nor dated by the trial judge. Several photocopies of the document were made and one such photocopy was presented to the judge for his signature. At the left hand corner thereof the judge's signature appears over a rubber stamp reading "true copy," and the blank provided for the day of the month was filled in by hand with the number 7. No signature appears over the line designated for the judge's signature nor was his signature "conformed" in this space. The record further reveals that this "true copy" was the document in possession of the officer when the warrant was executed and that a second photocopy unsigned at any place, was delivered to appellant during the execution of the warrant.
Section 933.07, F.S. 1973, requires that, upon sufficient application, a committing magistrate shall "issue a search warrant signed by him with his name of office." (Italics supplied.) Section 933.11, F.S. 1973, requires that all search warrants be issued in duplicate and that a copy be served on the occupant of the premises to be searched upon the execution of the warrant by the proper officer. While it may be argued that the omission to issue a duplicate copy or the failure to serve an unsigned duplicate on the person in charge of the premises to be searched may not be fatal,[1] we are of the view that the failure of the issuing magistrate to sign an original warrant pursuant to § 933.07, supra, is.[2]
It is rudimentary that the statutes relating to the issuance of search warrants should be strictly complied with;[3] and it is clear that the constitutional prohibitions against unreasonable searches and seizures contemplate that the generally required issuance of a search warrant be the solemn, deliberative and reflective judicial act of a neutral and detached magistrate. It cannot and need not be assumed that the execution of a "true copy," a mere ministerial *250 act, is done with the same solemnity, deliberation and reflection. Here, simply, no warrant was ever "issued." The search pursuant to the purported "warrant," therefore, was void.
In view whereof, the order denying appellant's motion to quash and suppress should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] See State v. Henderson (Fla.App.4th, 1971), 253 So.2d 158.
[2] See Pell v. State (1929) 97 Fla. 650, 122 So. 110.
[3] Id.