## 52998. THE STATE v. PENANSKY.

CLARK, Judge.

In this search and seizure case, the state appeals from the grant of defendant's motion to suppress evidence. We reverse.

The search warrant bears the signature of the affiant and the jurat of the magistrate who issued the warrant. It reads, in part: "The probable cause on which the belief of the affiant is based is as follows: See attached affidavit." The attached affidavit was signed by the affiant, but this jurat was not signed by the issuing magistrate.

At the hearing, the affiant testified that he was sworn before he signed the affidavit. Nevertheless, the court concluded that the affidavit had not been made under oath because of the absence of the magistrate's signature to the affidavit. *Held:*

The affiant may not have been separately sworn when he signed the affidavit; however, the affiant was

placed under oath at the time he signed the search warrant. Inasmuch as the affiant was duly sworn, the failure to give a separate oath when the affidavit was signed cannot be held to have undermined the warrant. *Goggins v. State,* 130 Ga. App. 518, 519 (203 SE2d 767).

The cases relied upon by defendant are not applicable. In *State v. Barnett,* 136 Ga. App. 122 (220 SE2d 730) affiant failed to sign the affidavit which is not the situation here. In *Willoughby v. State,* 137 Ga. App. 789 (1a) (225 SE2d 65) there was an absence of the administering of the oath. In the case sub judice there was testimony that the detective raised his hand and took the oath coupled with the jurat to the warrant being signed by the magistrate, and the language "See attached affidavit" being sufficient to incorporate the facts contained therein. This factual setting also differentiates this case from *Scroggins v. State,* 55 Ga. 380, where the affidavit was deemed utterly void because of the absence of both oath and attestation.

It is essential for an accused to receive every constitutional right. Nevertheless, in a case such as that before us, the proper measurement is that stated in Code Ann. § 27-312: "No warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused."

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

Submitted November 1, 1976 — Decided November 10, 1976.

*George W. Darden, District Attorney, W. Michael B. Stoddard, Assistant District Attorney,* for appellant.
*Holcomb & McDuff, Terry E. Willis,* for appellee.