No. 58,658

STATE OF KANSAS, *Appellant*, v. RUSSELL L. SPAULDING, *Appellee*.
(720 P.2d 1047)

Opinion filed June 13, 1986.

*Gerald R. Kuckelman*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Joe Dickinson*, of Jones & Dickinson, P.A., of Newton, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an interlocutory appeal brought by the State following the sustaining by the trial court of defendant's motion to suppress evidence seized from his automobile. Since no official transcript of the evidence was available, counsel prepared and submitted a statement of the proceedings. The statement was approved by the trial judge. We summarize the facts as set forth therein.

The defendant, Russell L. Spaulding, was the owner of a 1973 Chevrolet automobile which he was driving on March 10, 1985. He was involved in a collision on a rural Harvey County road. Trooper Robert R. Harsh of the Kansas Highway Patrol investigated the accident. At the scene, Trooper Harsh observed two alligator clips, with feather decorations attached, clipped to the rearview mirror and laying on the dashboard. The clips were darkened at the end, and Trooper Harsh believed that the darkened area was residue from a marijuana cigarette. He testified that such clips were used for the smoking of marijuana and he believed that the clips were contraband. The Chevrolet automobile was towed from the accident scene to the Partridge Auto Salvage in Newton, Kansas.

On the following day Trooper Harsh presented an affidavit for search warrant to Judge Richard B. Walker in Harvey County. The affidavit recited that the crimes of speeding, improper passing, and possession of a controlled substance had been

committed; and that certain items of contraband, evidence, fruits or instrumentalities of the crimes were located on the automobile. These included the roach clips with residue of possible controlled substances, the four tires and wheels on the vehicle, and any other contraband or controlled substance that may have been a contributing factor to the accident. The affidavit cited the facts of the accident; the ownership and driving by the defendant; the location in plain view on the dashboard of the vehicle of the two roach clips having feather decorations and residue on them indicating possible usage of an illegal substance; and that the tires, brakes, and possible usage of an illegal substance may have been contributing factors to the accident. The affidavit was subscribed and sworn to before Judge Walker at 1:30 o'clock p.m. on March 11, 1985. It was filed with the clerk of the district court at 1:56 o'clock p.m. on the same date.

On a second page appears the search warrant and the officer's return. The search warrant was not signed by Judge Walker. On the same date, at approximately 2:10 o'clock p.m., officers proceeded to the Partridge Auto Salvage and conducted a search of the vehicle. They seized the described items, plus an ashtray and its contents. Defendant was not present at the time and a copy of the search warrant was left on the car. Return of the search warrant was made that same afternoon. Officer Harsh signed the return and subscribed and swore to it before Judge Walker. As on the affidavit, Judge Walker signed the jurat. The search warrant and the return were filed with the clerk of the court at 4:47 o'clock p.m., March 11, 1985.

A motion to suppress was filed by the defendant. This was heard by Judge Carl B. Anderson. Counsel for both sides submitted briefs and the matter was presented to the court on September 16, 1985, at which time the State presented evidence, the matter was argued, and Judge Anderson took it under advisement. He later sustained the motion, holding the warrant void for failure of Judge Walker to sign it. Additionally, the court held that there was no evidence that Judge Walker had made a finding of probable cause even though the paperwork was returned by Judge Walker to the officer following the submission of the affidavit.

The controlling question before this court is whether, under the facts of this case, the search warrant was void because it was not signed by the judge.

K.S.A. 22-2502 provides for the issuance of search warrants. After providing for a written application or for the recording of oral applications, the statute provides:

"If the magistrate is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, the magistrate may issue a search warrant for the seizure of [certain tangible property] . . . ."

There is no specific provision in the search warrant statutes requiring the judge to sign the warrant. Admittedly, that is the proper and usual practice. K.S.A. 22-2304, providing for the issuance of warrants of arrest, provides specifically that "[t]he warrant shall be signed by the magistrate . . . ." However, we do not base our determination of this issue solely upon that difference in the statutes.

The only other statute having a bearing upon the issue is K.S.A. 22-2511, which provides:

"22-2511. No warrant quashed for technicality. No search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

The State argues that lack of the judge's signature on this search warrant was merely a technical irregularity not affecting the substantial rights of the defendant. The defendant, on the other hand, argues that the failure of the judge to sign the warrant is not a technical irregularity, but that the judge's signature is a permanent manifestation of his intent showing both a finding of probable cause and an intention to issue the warrant, and without his signature the warrant is a nullity.

Both parties cite cases from other jurisdictions supporting their positions. In *Yuma County Attorney v. McGuire*, 109 Ariz. 471, 512 P.2d 14 (1973), and *People v. Superior Court (Robinson)*, 75 Cal. App. 3d 76, 141 Cal. Rptr. 917 (1977), the judge was handed an affidavit and a search warrant and, after reviewing the documents, signed the affidavit but, through accident or oversight, failed to sign the search warrant. In both *McGuire* and *Superior Court*, the judge or magistrate testified at the suppression hearing. The appellate courts found that the warrants were not invalid for lack of signature and that in both instances the judge had found probable cause and intended that the warrant be served. See also *Sternberg v. Superior Court*, 41 Cal. App. 3d 281, 115 Cal. Rptr. 893 (1974).

Defendant cites *State v. Surowiecki*, 184 Conn. 95, 440 A.2d 798 (1981), in which the Connecticut Supreme Court held that the lack of signature invalidates a search warrant. The court held that the signing of the warrant was the "identifiable objective manifestation of [the judge's] subjective intent to issue the search warrant." 184 Conn. at 97. The defendant also cites four other cases. In three of them, the appellate courts based their decisions on a strict interpretation of statutes which required that a search warrant be signed. Our statute does not specifically so require. The fourth case deals with a warrant signed by the judge's secretary, and thus is distinguishable.

Judge Walker's testimony would have been helpful here, but apparently the State chose not to call him. Nevertheless, under the specific facts before us, we hold that the judge's intent was obvious. We base this upon his conduct in returning the warrant to the officers and, on the same day, receiving the return thereof. We hold that Judge Walker made a finding of probable cause and intentionally issued the search warrant. His failure to sign the warrant was a mere oversight, a technical irregularity. Lack of his signature did not prejudice the defendant.

We conclude that, limited to the specific facts here before us, the search warrant was valid.

The judgment is reversed and the case is remanded to the trial court for further proceedings in conformity with this opinion.