[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to General Statutes § 54-33f, the defendant, John F. Tavano, has filed a Motion to Suppress evidence obtained as a result of a search and seizure warrant authorized on February 6, 1999, by Superior Court Judge Lawrence C. Klaczak. The defendant argues that the warrant is fatally defective and that the resulting search and seizure was, in effect, conducted without a warrant. Specifically, the defendant argues that the failure to mark either of the two boxes next to the "place" and CT Page 9609 "person" descriptions on the order page resulted in neither the place nor the person being the authorized subject of a search.[1]
For the following reasons, the Court disagrees with the defendant's arguments. The Motion to Suppress is, therefore, denied.
The issuance of search warrants is governed by General Statutes §§54-33a, in particular sections (b) and (c),[2] as well as ArticleFirst, § 7, of the Connecticut constitution.[3] The Connecticut Supreme Court has refused to recognize a "good faith exception" to the exclusionary rule under the state constitution. State v. Diaz,226 Conn. 514, 545, 628 A.2d 567 (1993). The Court in Diaz noted that its ruling creates "an important incentive for issuing judges to scrutinize warrant applications closely because the significant cost of an error will be exclusion of the evidence seized pursuant to the warrant." Id.
See also State v. Marsala, 216 Conn. 150, 168-169, 579 A.2d 58 (1990). Ultimately, the goal is "to ensure that the issuing judge's ex parte probable cause determination, based upon reasonably drawn inferences, will be sufficiently reliable so as to be entitled to the normal deference a reviewing court ordinarily gives to judicial factual findings." State v.Diaz, supra, 226 Conn. 545.
A reviewing court, as a general rule, is limited to the four corners of the affidavit when ruling on a motion to suppress. State v. Rosario,238 Conn. 380, 386, 680 A.2d 237 (1996). This limitation exists because "reviewing court[s] may consider only the information that was actually before the issuing judge at the time he or she signed the warrant." Statev. Duntz, 223 Conn. 207, 216, 613 A.2d 224 (1992); State v. Barton,219 Conn. 529, 548, 594 A.2d 917 (1991); State v. Shifflett, 199 Conn. 718,746, 508 A.2d 718 (1986). However, common sense should not be precluded in such a review by a hypertechnical application of the four-corners rule. State v. Rosario, supra, 238 Conn. 387.
The application for the warrant in this case specifies the defendant as well as his residence as being the person and place upon whom, or within which, the affiants had probable cause to believe that the property to be seized would be found. Additionally, the person and place at issue were sufficiently identified and described in numerous places throughout the body of the affidavit. All five pages of the affidavit are signed by both police officers requesting the warrant, and Judge Klaczak signed the jurat on all these pages, as well.
The order page contains a verbatim recitation of the person, place and property descriptions found on the application page.[4] The order page, signed by Judge Klaczak, grants both a search and seizure warrant and a dispensation, for a two-week period, of the delivery requirement of the CT Page 9610 affidavit to the subject of the warrant. That order page is complete, except for the failure to mark either of the two boxes next to the place and person descriptions.
The defendant's reliance on State v. Surowiecki, 184 Conn. 95,440 A.2d 798 (1981) (warrant fatally defective because judge did not sign warrant) and State v. Cook, 183 Conn. 520, 441 A.2d 41 (1981) (arrest warrant signed by assistant clerk of the Superior Court fatally defective) is misplaced. In the present case, the issuing judge reviewed the application, affidavit and warrant, and properly signed all pages requiring a signature. There is no indication within the four corners of the warrant that the issuing judge did not intend to grant the warrant as to both the person and place in question. The court finds that the effect of not marking either box on the order page to be the same as if both boxes had been marked. There is no indication that the warrant should not extend to both the person and the place, since both were the proper and intended objectives of the authorized warrant.
The court finds the lack of markings in the boxes akin to a clerical error or a scrivener's oversight, which does not render the warrant fatally defective. State v. Cobb, 251 Conn. 285, 521, 743 A.2d 1 (1999) (warrant valid notwithstanding that a signature was in the wrong place);State v. Colon, 230 Conn. 24, 36, 644 A.2d 877 (1994) (failure of judge to sign jurat does not render warrant fatally defective if extrinsic evidence proves supporting affidavit properly sworn to by complainants). This finding is further supported by the affidavit of Judge Klaczak, which was marked as State's Exhibit B in the hearing on the Motion to Suppress.[5]
To summarize, the court finds that the lack of a marking in the boxes next to the person and place descriptions on the order page does not rise to the level of rendering the warrant fatally defective. The issuing judge, by not indicating any intent whatsoever to deny the warrant as to either the person or the place in question, granted a warrant authorizing searches as to both. The defendant's attempt to exalt form over substance fails because the reliability of the warrant process in this case is not called into question.
The Motion to Suppress is denied.
BY THE COURT,
HON. JONATHAN J. KAPLAN
APPENDIX A SEARCH AND SEIZURE WARRANT STATE OF CONNECTICUT Page 5 of 6 CT Page 9612 SUPERIOR COURT
POLICE DEPARTMENT CASE NO. AFFIANT AFFIANT UCONN PD 99-348 Ofc. David McGann 145 Ofc. Paul Osella 144
The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.
 NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to
 enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:
Apartment #2E Wetzel Way, an apartment located at the Celeron Square Apartment complex, upon the University of Connecticut campus in the Storrs section of the town of Mansfield. #2 Wetzel Way is a tan colored wood frame two story structure containing 8 separate apartments. #2 Wetzel Way is the only building on Wetzel Way with the number "2" fixed to the North side of the structure. #2E Wetzel Way is on the second floor and the door to the apartment is the only one located in the Northeast CT Page 9613 corner of the building.
 search the person described in the foregoing affidavit and application, to wit:
John F Tavano DOB 02/10/78, a 20 year old white male with black hair
for the property described in the foregoing affidavit and application, to wit:
 Cocaine, marijuana, marijuana plants, marijuana cigarettes, marijuana seeds, cigarette papers, packaging material, glass/plastic vials, glass/plastic smoking pipes, glassine envelopes/bags, weighing scales, monies, all financial records, safes, computers used for recording of transactions, Video and Photographs depicting illegal activity, beepers/pagers, and police scanners. Also, rifles, shotguns, handguns, and ammunition. And that the items seized may be subsequently submitted to the Forensic Laboratory for examination, along with any evidence seized pursuant to this warrant.
and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.
 The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:
 NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED GRANTED for a period of
This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion CT Page 9614 of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.
 DENIED.
Signed at Connecticut, on: DATE SIGNED (Judge of the Superior Court)
APPENDIX A