State v. Flynn

---

———

STATE OF NORTH CAROLINA v. RANDOLPH DEAN FLYNN

No. 7710SC22

(Filed 15 June 1977)

Searches and Seizures § 3— warrant — failure of magistrate to sign affi-
davit jurat
    In a hearing on a motion to suppress evidence seized pursuant
    to a warrant on the ground that the magistrate failed to sign the
    jurat of the affidavit to obtain the warrant, the court properly ad-
    mitted testimony by the affiant and the magistrate regarding the
    absence of the magistrate's signature on the jurat; furthermore, the
    court properly concluded that the warrant was valid where it found
    upon supporting evidence that the affiant was sworn to the affidavit and
    that the magistrate's signature was omitted therefrom by inadvert-
    ence.

APPEAL by defendant from *Herring, Judge*. Judgment en-
tered 15 October 1976 in Superior Court, WAKE County. Heard
in the Court of Appeals 31 May 1977.

Defendant was charged in a proper bill of indictment with
the possession of marijuana with intent to distribute.

Before trial defendant moved to suppress evidence obtained by a search warrant on the grounds that the affidavit upon which the search warrant was issued was not verified. The motion was denied, the defendant entered a plea of guilty, and a judgment that the defendant be committed as a youthful offender for 3 years was entered.

Pursuant to G.S. 15A-979 (b) defendant appealed from the denial of the motion to suppress.

*Attorney General Edmisten by Associate Attorney Isaac T. Avery III for the State.*

*William A. Smith, Jr., for defendant appellant.*

HEDRICK, Judge.

At the hearing on defendant's motion to suppress the State was allowed, over defendant's objection, to offer evidence concerning the absence of the magistrate's signature on the "affidavit of an application" for the search warrant executed in this case. At the hearing Officer Beliveau, the affiant, and T. W. Adams, the magistrate, both testified that Officer Beliveau was sworn to the affidavit by the magistrate, and that the magistrate's signature was omitted from the jurat by inadvertence.

The defendant offered no evidence at the hearing on his motion to suppress.

The trial court made detailed findings with respect to the issuance of the search warrant and included therein that the affiant was sworn to the affidavit, and that the magistrate's signature was omitted therefrom by inadvertence. The trial court concluded that the search warrant was in all respects proper and denied defendant's motion to suppress.

Defendant contends that the court erred in admitting the evidence of the affiant and the magistrate regarding the absence of the magistrate's signature on the "affidavit of an application" for the search warrant, and in concluding that the search warrant was valid. Defendant concedes that the trial court did not err in admitting the evidence of the magistrate and the affiant if the search warrant is not invalid on its face. Citing G.S. 15A-244, defendant argues that the search warrant is invalid on its face because the affidavit upon which

the warrant was issued does not bear in writing the magistrate's jurat.

G.S. 15A-244 in pertinent part provides, "Each application for a search warrant must be made in writing upon oath or affirmation." Clearly the search warrant in this case was issued upon an application which was in writing, and the trial court's unchallenged findings clearly establish that the application was made upon "oath or affirmation." The trial judge's findings with respect to the making of the application and the issuance of the search warrant are supported by plenary competent evidence, and the findings support the conclusion that the search warrant was in all respects proper. *State v. Brannon*, 25 N.C. App. 635, 214 S.E. 2d 213 (1975).

The order denying defendant's motion to suppress is

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.