# EARL EDWARD WILLAMETZ v. SUSI CONTRACTING COMPANY, INC., ET AL.
## (3215)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued April 11—decision released September 2, 1986

1

*Julius L. Schapira,* with whom were *Philip J. O'Connor* and, on the brief, *R. Bradley Wolfe,* for the appellant (named defendant).

*Earl E. Willametz,* pro se, the appellee (plaintiff).

BIELUCH, J. This appeal arises out of a judgment of the trial court rendered as a result of the named defendant's default for failure to appear to defend this action.[1] The defendant claims that the court erred in rendering the judgment and in subsequently failing to open that judgment because the court lacked jurisdiction over it. The defendant also claims that the present action did not raise a valid claim against it, but rather asserted a claim against one of the defendant's two sole officers who were also the sole directors and stockholders. We find error.

This litigation has a long, tortuous and complex procedural origin and history. The plaintiff initiated this action by writ, summons and complaint returnable on June 14, 1983. The relevant allegations of the verified complaint are as follows: (1) the decedent, Mary Susi,[2] and her husband Joseph Susi,[3] who predeceased her, were the sole officers, directors and stockholders of the defendant, a New York corporation; (2) the defendant

---

[1] The remaining defendants are not parties to this appeal. All references herein to the defendant are to the named defendant.

[2] Mary Susi died prior to the commencement of this case. The administrator of her estate, Max Frauwirth, was named as a defendant in her stead.

[3] Joseph Susi also died prior to the commencement of this action. Although named as a defendant in the complaint, the summons does not list him, or his estate, among the defendants.

was dissolved by forfeiture under the corporation laws of New York in 1960, "but said corporation continues in existence for the purpose of suing or being sued"; (3) the defendant did business in this state by making contracts with the plaintiff for performance here; (4) the defendant was organized as a sham by the decedent Joseph Susi to carry on his personal business; (5) the decedent Joseph Susi also did business in an individual capacity as Susi Construction Company; (6) the defendant has, as its sole asset, a judgment against one Anthony J. Orlando in the amount of $153,816.62, the proceeds of which have been impounded pending disposition of the plaintiff's claim; (7) Joseph Susi, in his individual capacity, doing business as Susi Construction Company, is indebted to the plaintiff by virtue of a judgment of the Supreme Court of New York, dated July 16, 1964, in the then amount, with interest from October 30, 1961, and costs, of $16,602.31; (8) the defendant is indebted to the decedent Joseph Susi, doing business as Susi Construction Company, in excess of $30,000; (9) the defendant Joseph Susi, doing business as Susi Construction Company, is indebted to the plaintiff for the rental of certain equipment, under a contract which was made in this state, in the sum of $83,160 together with interest from February 1964; (10) the plaintiff has brought an action against the decedent, the defendant corporation and the decedent's late husband, Joseph Susi, for both of the aforesaid claims amounting to more than $180,056.31, which are owed to the plaintiff; (11) "on September 9, 1977, [the decedent] Mary Susi, sole surviving stockholder, officer and director of said defendant corporation, entered into a written agreement on behalf of said defendant corporation and on behalf of herself with plaintiff to compromise and settle said indebtedness for the agreed sum of $100,030.00"; (12) "Said agreed sum in settlement of $100,030.00 has not been paid and defendants are still

indebted to plaintiff for said sum together with interest thereon"; (13) "Said Mary Susi admitted said indebtedness and agreed to pay said compromise settlement of $100,030.00 as evidenced by her statement."

In this action, the principal claim for relief is judgment for $100,030, the amount of the alleged settlement, together with interest and costs.

The return of service by the sheriff, dated June 2, 1983, indicated that the defendant was served through the office of the secretary of the state of Connecticut pursuant to General Statutes § 33-411. Subsequently, the plaintiff made a motion for a further order of notice and statutory continuance for service by certified mail, return receipt requested, directed to the corporation's address at 66 Mulberry Street, New York, New York.[4] That motion was granted and further service was attempted by certified mail. The certified mailing was returned, officially marked "RETURN TO SENDER ATTEMPTED, NOT KNOWN."

The administrator of the estate of Mary Susi, Max Frauwirth, accepted service on behalf of the defendant estate by endorsement of the complaint which was filed with the court. Frauwirth then filed a pro se appearance as administrator of the estate and, on June 30, 1983, he filed an answer to the complaint in which he admitted each and every relevant factual allegation thereof, including the settlement agreement of his decedent. On the same day, *indeed at the same minute,* the "Plaintiff's Motion for Judgment against Estate of Mary Susi" was filed. That motion was granted by the court on July 18, 1983, in the sum of

---

[4] It should be noted that the original summons which was attached to the writ and complaint and which was served upon the secretary of the state listed the corporate address as 66 Mulberry Street, *Brooklyn*, New York. The defendant claims that its corporate address prior to its dissolution in 1960 was 66 Mulberry Street, New York, New York.

$100,030, together with interest from September 9, 1977, of $41,053.24, for a total amount of $141,083.24, plus costs.[5]

On July 11, 1983, the plaintiff's motion to terminate the statutory continuance and to find that actual notice had been given to the defendant in this action was granted by the court. The ground for this request was that service had been made upon the secretary of the state *pursuant to an order of notice* of the court which required further service by certified mail. The plaintiff further alleged that "the defendant Susi Contracting Co. Inc. has received actual notice of this lawsuit and [that] its lawyer in Massachusetts received a copy of same is established." The court was not informed that the attempted service by certified mail had not been completed.

The sheriff's return of further service filed in court certifies that on June 22, 1983, he forwarded, by certified mail, return receipt requested, a copy of the motion, order and notice addressed to the defendant at 66 Mulberry St., New York, New York, "[a]nd on the 5th day of July, 1983 received the Registry Return Receipt hereto annexed." No registered or certified mail receipt was attached to this return as certified. To the contrary, there was filed, with this return, the sheriff's attempted certified delivery mailing endorsed by the New York Post Office "RETURN TO SENDER ATTEMPTED, NOT KNOWN," with the unexecuted return receipt still attached to it.

On July 11, 1983, the date of the court's order terminating the statutory continuance for a finding of actual notice, the plaintiff moved for the following reasons for a default against the defendant Susi Contract-

---

[5] It should be noted that this motion was granted despite the lack of a supporting affidavit as required by Practice Book § 380. The fiduciary of the estate of Mary Susi has not appealed from this judgment.

ing Company, Inc., for its failure to appear: (1) the defendants were served on June 2, 1983, in accordance with the return of sheriff Homelson which is part of the file; and (2) the papers were returnable on June 14, 1983, and the defendant has not filed its appearance. This motion for default was granted on July 22, 1983.

Three days after the entry of default, on July 25, 1983, the plaintiff moved for judgment against the defendant "in accordance with the Affidavit of Debt annexed hereto." Notwithstanding the absence of a proper "Affidavit of Debt," and notwithstanding the lack of the required interval of time of at least ten days between the entry of default and a hearing in damages; General Statutes §§ 52-220, 52-221; Practice Book §§ 368, 369; the court, on August 1, 1983, granted the plaintiff's motion and rendered judgment for the plaintiff against the defendant in the alleged settlement amount of $100,030, together with interest from September 9, 1977, in the amount of $41,053.24, for a total award of $141,083.24. On August 16, 1983, the plaintiff filed an affidavit certifying to the mailing of a copy of the judgment "to said defendant at its last place of business as recorded with the Secretary of State's Office, corporation section, in Albany, New York, postage prepaid."

The purported "Affidavit of Debt," allegedly supporting the motion for judgment and filed with it, recited only that the "[d]efendant agreed to pay plaintiff the sum of $100,030.00 on September 9, 1977 in settlement of [the] judgment." It not only lacked substance, but, more importantly, it lacked the formality required of an affidavit. Practice Book § 366 expressly provides that "[i]n all actions of contract when damages are to be assessed after entry of a default, the plaintiff must file an account, copy, statement, or bill of particulars *verified by oath*, or duly present evidence in court in support of his claim." (Emphasis added.) See also Gen-

eral Statutes § 52-221a. In the present case, the "Affidavit of Debt" filed by the plaintiff was misdescribed, and was, in fact, not an affidavit at all. Nowhere does it contain any oath by the plaintiff or any attestation that the statements contained therein were made under oath before some person authorized by law to administer an oath. Ballentine's Law Dictionary (3d Ed.) defines an affidavit as "[a]ny voluntary ex parte statement reduced to writing, *and sworn to or affirmed* before some person legally authorized to administer an oath or affirmation." (Emphasis added.) See General Statutes §§ 1-22 through 1-24. The mere fact that the plaintiff described this document as an affidavit did not make it one.

Since the plaintiff's motion for judgment was not substantiated by an affidavit, it was improperly granted. "[D]efault does not obviate the necessity for the plaintiff to establish his case." *Mechanics Savings Bank* v. *Tucker,* 178 Conn. 640, 644, 425 A.2d 124 (1979). "The plaintiff must still prove how much of the judgment prayed for in the complaint he is entitled to receive." *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73 (1956). The affidavit of debt in this case takes the place of sworn testimony before the court. In the absence of an affidavit under oath, the plaintiff's damages were not proven.

On October 24, 1983, an appearance was filed by counsel for the defendant and for the estate of Mary Susi. Thereafter, on November 17, 1983, counsel for the defendant and the estate of Mary Susi filed a verified motion to open the judgment of default for the following stated reasons: "[2]a. The Court has no jurisdiction over the corporate defendants; b. Another action, Docket No: CV 78-0271214S pends in the Judicial District of Danbury seeking the same relief and is based on the same underlying facts as this case and case No: CV 83-0039564S pending in this Judicial Dis-

trict; c. The Judgment is based upon fraud and or misrepresentations by the plaintiff; d. The damages sought were incurred due to the malicious bad faith and complicity of the plaintiff; e. To the extent that a judgment was rendered against the Estate of Mary Susi; that judgment was based on fraud, collusion and/or willful and negligent misconduct on the part of the plaintiff and the administrator who conspired to confess judgment.

"3. No Appearance was timely filed for the defendant, Susi Contracting Co., Inc., since notice was sent only to a corporate address known to the plaintiff not to have been used at the latest 1960, the date [upon] which the corporation was dissolved; the plaintiff erroneously believed that the pending Danbury case would require notice to Connecticut counsel which was not given and that constructive notice was deliberately not given to corporate counsel until judgment had entered."

On January 5, 1984, the court denied the defendants' motion to open the judgment after a hearing and review of the files. In its memorandum of decision, the court made the following findings of fact and conclusions of law:

"Service was properly made on the defendants in accordance with the Connecticut General Statutes then and there providing.

"The defendants were given the statutory notice required by law at all pertinent [stages] of the proceedings.

"The defendants allowed judgments to enter against them without entering the cases and defending.

"The defendants did not appeal the judgments in these cases within the time limits imposed by the statutes and rules of this State and the Superior Court.

"The judgment . . . was entered against the Estate of Mary Susi on July 18, 1983 and against Susi Contracting Co., Inc. on August 1, 1983. . . .

"The defendants . . . failed to file their motions to reopen judgment until the time for filing same was within days of expiring.

"The defendants have not sustained their burden of proving the allegations, contained in their motions to reopen the judgments, by a preponderance of credible evidence.

"The evidence in fact reveals a pattern of behavior on the part of the defendants that has continued with minor variation for almost two decades.

"The defendants have consistently ignored the action brought against them by the plaintiff and after judgments have entered move to reopen same.

"In the case where the motion to reopen has been granted the plaintiff prevailed after a trial on the merits. (Willametz v Joseph Susi, dba Susi Contracting Co., Inc. Supreme Court, State of New York, County of Nassau, judgment dated August 12, 1964.[6]

"The plaintiff has been unable to collect that judgment for almost 20 years.

"The defendants' witnesses failed to state any defenses to the plaintiff's claim. In fact, Mr. Cantor admitted that the defendants owed the money, his argument went to the amount.

"The defendants are seeking the equitable remedy of reopening a judgment but their past history has

---

[6] The certified copy of the judgment of the Supreme Court of the State of New York, County of Nassau, Index No. 4030-1963, attests to the entry of judgment on July 16, 1964, in favor of the plaintiff, Earl Willametz, "and against the defendant, Joseph Susi, in the sum of $13,401.21, with interest from October 30, 1961, and costs." Susi Contracting Company, Inc., was not a defendant in that action.

shown a persistent, continuous and wilful failure to do equity. He who seeks equity must first do equity. *Bacon* v. *Curtiss,* 2 Root 39 (1793); *Chamberlain* v. *Thompson,* 10 Conn. 251 (1834); *Lomas and Nettleton Co.* v. *Isacs, et al,* 101 Conn. 625 [127 A. 6] (1924); *Ryan* v. *Rizzo,* 114 Conn. 472 [159 A. 272] (1932).

"The court having heard the evidence specifically finds proper service, adequate notice and that no equitable reason exists to support a granting of the defendants' motion to reopen." (Footnote added.)

Only the corporate defendant has appealed from the judgment upon default and from the denial of the motion to open that judgment.

The defendant's first claim is that the trial court lacked personal jurisdiction over it. This claim is based upon two separate arguments: (1) that the defendant did not have sufficient contacts with this state to subject it to the jurisdiction of our courts; and (2) that the plaintiff failed to give the defendant adequate notice of the pendency of this action.[7] We agree with the latter of these contentions.

"Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising . . . [o]ut of any contract made in this state or to be performed in this state. . . . " General Statutes § 33-411 (c). Paragraph four of the complaint alleges that the defendant "did business in the State of Connecticut and did business with the plaintiff in this state by making contracts in this state with the plaintiff, a resident of this state, which contracts

---

[7] The defendant raises only the first of these arguments in the first issue of his appeal. The second argument is raised in connection with its second issue in this appeal. It is essentially jurisdictional in nature, however, and we choose to discuss it here.

were also performed in this state by plaintiff." The plaintiff's complaint sufficiently alleged the minimum contacts required by law to confer in personam jurisdiction of this dispute to the court. See General Statutes § 33-411 (c); *World Wide Volkswagen Corporation* v. *Woodson,* 444 U.S. 286, 291–94, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *International Shoe Co.* v. *Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945); cf. *Lombard Bros., Inc.* v. *General Asset Management Co.,* 190 Conn. 245, 253–58, 460 A.2d 481 (1983). Thus, the trial court would have jurisdiction over the defendant if it were properly served in an action in this state.

The plaintiff first attempted service upon the defendant, pursuant to General Statutes § 33-411, by depositing two copies of the writ, summons and complaint with the office of the secretary of the state of Connecticut. Subsequently, in order to evade the three month continuance prescribed by General Statutes § 52-87 (b), the plaintiff applied for a further order of notice pursuant to that statute and Practice Book § 199. Such an application must "state what notice is considered most likely to come to the attention of [the defendant], with the reasons therefor." Practice Book § 199. In this case, the plaintiff's application stated that "[t]he notice most likely to come to the attention of said defendant is by depositing a copy of said writ and complaint, and of the subsequent order of notice, on or before the 24[th] day of June 1983 in a Post Office, postage paid, certified mail, return receipted demanded, directed to said defendant at [66 Mulberry Street, New York, New York]."

The plaintiff failed, however, to state in this application to the court (1) that this proposed further service was to be made to the same address which the plaintiff had provided to the secretary of state for service and which had already been unsuccessful in attract-

ing the defendant's attention,[8] (2) that the plaintiff knew that the defendant had been dissolved twenty-three years prior to this action and, therefore, that it could not have used the address to which notice was to be sent since 1960, (3) that both of the officers, directors and shareholders of the defendant were deceased, and (4) that the defendant had appeared, through counsel, to defend two other actions instituted by the plaintiff, one having been filed in the Superior Court for the judicial district of Danbury and which had been dismissed, and the other having been filed in the United States District Court for the District of Massachusetts, and *which was still pending at the time of the application for the further order of notice in this case.*[9]

We can only conclude that the plaintiff knew that notice to the New York address would, in all probability, not reach anyone empowered to act for the defendant. He further knew who had legally represented the corporation in the past and who was currently representing the defendant in the federal action initiated by him. Under these circumstances, it cannot be said that the means of notice suggested in the plaintiff's application for a further order of notice was made in the manner "most likely to come to the attention of [the defendant]" as required by Practice Book § 199. To the contrary, it appears to have been calculated to avoid having the defendant become aware of the action.

When the plaintiff subsequently applied, on July 11, 1983, to terminate the statutory three month continuance and to find actual notice as prescribed by General Statutes § 52-87 (b), this application was based upon an order of notice which did not meet the requirements of Practice Book § 199. Furthermore, the

---

[8] See footnote 4, supra.

[9] *Willametz* v. *Susi,* Superior Court for the Judicial District of Danbury, Docket No. CV 78-271214; *Willametz* v. *Susi,* United States District Court for the District of Massachusetts, Docket No. CA-70-334-M.

sheriff's return of service indicated that on July 5, 1983, he had "received the Registry Return Receipt hereto annexed." This was clearly not so, since the contents of his certified mailing to the New York address, together with its envelope *and the unacknowledged return receipt,* are contained in the court file, having been returned as undelivered. Thus, the court erred in granting the plaintiff's motion to terminate the statutory continuance and to find actual notice.[10] Consequently, the court was not within its jurisdiction when, less than three months after service upon the office of the secretary of state, it granted the plaintiff's motions for default and for judgment based upon that default.

The defendant's second claim of error is that the court erred in denying its motion to open the judgment against it. We agree.

Practice Book § 377 provides that a judgment upon default may be set aside when two elements have been shown: (1) "reasonable cause or that a good . . . defense in whole or in part existed at the time of the rendition of such judgment"; and (2) "that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . appearing." Clearly the second of these elements was met in light of our conclusion that the defendant did not receive adequate notice of the pendency of this action. The more complex question is whether the first element required by Practice Book § 377 was met.[11]

At the time of the hearing on the defendant's motion to open the judgment upon default, the trial court was

---

[10] We must note that although the error is in the court's ruling, the fault lies with the plaintiff whose questionable acts and representations were the basis therefor.

[11] A review of the transcript indicates that the trial court concerned itself with the second of these two elements first. Having concluded that the defendant had no valid reason for failing to appear prior to the default having been entered, the court did not appear to reach the first element of Practice Book § 377.

made aware of both the Danbury action, and the action then pending in the United States District Court for the District of Massachusetts. Both of these actions had been initiated by the plaintiff to enforce the same settlement agreement which is at issue here.

In the United States District Court action, the court, Murray, J., expressly concluded, after an evidentiary hearing on a motion of the plaintiff, that "[b]ecause undue influence and deception were practiced on Mary Susi by Willametz in inducing her to make the settlement agreement to her disadvantage and to the disadvantage of the Susi corporation, the plaintiff's motion to enforce the settlement agreement be and the same is hereby denied."

The federal court memorandum of decision was brought to the attention of the trial court in the action instituted by the plaintiff in Danbury. The court, *Moraghan, J.,* read the above language from Judge Murray's decision into the record, and then stated that "[this action] doesn't belong here in any sense of the word."

The finding and conclusion by Judge Murray, reiterated by Judge Moraghan, provided a firm basis upon which the defendant could have built a "good defense" of res judicata as required by Practice Book § 377.[12] The court therefore, erred in denying the defendant's motion to open the judgment upon default.[13]

---

[12] Indeed, the trial court stated at the hearing on the motion to open the judgment that "[the defendant had] presented enough to the Court to indicate that there are many possible defenses if the Court reopens this case."

[13] Because of our conclusions with respect to the first and second claims of error, we find that it is premature to rule upon the third issue raised. By that issue, the defendant claims that it is not liable for the underlying debt, allegedly incurred by Joseph Susi personally. The trial court has not yet had an opportunity to rule upon this defense on its merits and we, therefore, decline to review it.

There is error, the judgment of the trial court and its entry of default are set aside, and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.