[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action was commenced by complaint dated September 27, 1989 with a return date of October 31, 1989 against Timothy J. Anderton of Charlotte, North Carolina and several out of state corporations. It alleges certain CT Page 8154 improper actions by Anderton commencing February, 1987 when Anderton was employed as president of the so-called Facetglas companies owned by Advanced Energy Concepts, Inc. (AEC).
Service of process was made on Anderton pursuant to a First Order of Notice via certified mail, to 5732 Gorham Road, Charlotte, North Carolina. At all times relevant hereto, including the time Anderton worked or the plaintiff, his address was 5132 Gorham Road, Charlotte, North Carolina.
The certified mail notice was returned to the plaintiff unclaimed and the plaintiff moved for a second order of notice in which it represented to the court that the notice most likely to reach the defendant Anderton was publication in the newspaper.
The defendant Anderton has moved to dismiss on the grounds that the court has no jurisdiction over the defendant Anderton due to insufficient service of process.
In support of his motion Anderton has submitted affidavits which indicate the following. By complaint dated December 17, 1987, Anderton instituted action against the plaintiff herein, Advanced Energy Concepts, Inc. (AEC), in United States District Court for the Western District of North Carolina. The complaint, appended to Anderton's affidavit, seeks to recover for amounts due to Anderton from AEC during the exact same period as that referred to in the complaint in this action. The payments were allegedly due to Anderton by virtue of his employment as president of the Facetglas companies, the same employment which forms the basis of the present complaint.
Judgment was rendered in Anderton's favor by the federal court on January 18, 1989. AEC appealed to the Fourth Circuit Court of Appeals. The appeal was argued by Attorney Richard M,. Quinlan, who represents AEC in this action, on November 1, 1989, one day following the return date in this action. Attorney Quinlan did not advise Anderton's attorney of the pendency of the Connecticut action, nor did he advise this court of the pendency of the North Carolina action.
Anderton did receive a copy of AEC's Motion for Finding of Actual Notice and Termination of Statutory Continuance of December 7, 1990. He promptly provided a copy to his North Carolina attorney who ultimately contacted Attorney Quinlan.
Section 199 of the Practice Book provides that an CT Page 8155 applicant for an order of notice must state the form of notice considered most likely to come to the attention of the defendant. Where the plaintiff has notice that a nonresident defendant is represented by counsel in a federal action, service on that counsel is much more likely to come to the attention of the defendant than is notice by publication. Willametz v. Susi Contracting Company, Inc,. 9 Conn. App. 1,514 A.2d 383 (1986).
Just as in the present case, the plaintiff in Willametz knew of the defendant's counsel in a federal action, yet failed to provide defendant's counsel with notice of the pendency of the State Court action. Id. at 12. The court in Willametz stated:
 Under these circumstances, it cannot be said that the means of notice suggested in the plaintiff's application for a further order of notice was made in the manner "most likely to come to the attention of [the defendant]" as required by Practice Book section 199. To the contrary, it appears to have been calculated to avoid having the defendant become aware of the action.
The plaintiff's actions in the present case also appear to have been calculated to avoid giving Anderton notice of this action.
The plaintiff has blatantly disregarded the provisions of section 199 of the Practice Book. The orders of notice were based on knowlingly inaccurate information presented to the court. Therefore, the finding of actual notice was improperly issued and this court never obtained jurisdiction over the defendant.
In addition to not complying in good faith with the requirements of the Practice Book, the plaintiff failed to provide Anderton with notice of this action sufficient to satisfy Constitutional Standards for Notice. When the defendant's identity is "known or reasonably ascertainable, notice must be by mail or such other means as is certain to ensure actual notice." Tulsa Professional Collection Services v. Pope, 108 S.Ct. 1340, 1348 (1988) (emphasis added).
Anderton was not provided with mail service. His address was easily ascertainable, since he and the CT Page 8156 plaintiff had been involved in protracted litigation in North Carolina, which was still in progress when this suit was commenced. Anderton's address was also listed in the Charlotte, North Carolina telephone directory at the time this suit was commenced. Notice by publication is insufficient where the defendant's address is easily ascertainable and service by mail is possible. Tulsa at p. 1348.
For the foregoing reasons, the court has no jurisdiction over the defendant Anderton and the Motion to dismiss is granted.
BY THE COURT Aurigemma, J.