[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Plaintiff and Defendant are Interstate freight trucking corporations. In June 1988 they contracted for the assignment of leases for truck terminal facilities located in Georgia and Illinois, assignment of truck leases, transfer of customer lists and payments as a percentage of shipping accounts. (EX A)
The Plaintiff was in effect closing down its Atlanta operation and keeping its regional business located in Connecticut. This suit was initiated on 10-24-89 and in2-90 the Defendant initiated a suit on the same contract in Ohio. The Ohio court has stayed all proceedings pending the resolution of this case.
The Defendant seeks to dismiss this case for lack of personal jurisdiction and/or "forum non convenience".
Jurisdiction over the Defendant would be under Connecticut's "long-arm" statute C.G.S. sec. 33-411 et. seq.
The Court finds that pursuant to its contract with Plaintiff Defendant was transacting business in Connecticut. It had an Agent in Connecticut and in fact shipped products in Connecticut, earning income from such transactions. [See Defendant's admissions]
Defendant's conduct in contracting with a Connecticut corporation to in effect transport materials from Connecticut to Atlanta Georgia meet the statutory and constitutional requirement of contacts sufficient to bestow jurisdiction on this court. World Wide Volkswagon v. Woodson 444 U.S. 286,297 (1980), Wolliametz v. Susi Contracting Co. 9 Conn. App. 1, 11 (190).
Forum non-convenience has been recognized by our courts as a basis for declining to exercise jurisdiction even where it exists. Union Carbide Inc. v. Aetna Casualty Insurance Co., 212 Conn. 311 (1989), Miller v. U.T.C., 40 CS 457 (1988). CT Page 165
The contract does require the application of Ohio law; but no other reason suggests that forum rather than Connecticut.
The Defendant contracting with a Connecticut corporation for business originating in Connecticut could certainly anticipate the likelihood of litigation over such contract in Connecticut.
There appears to be no substantial problem for an interstate freight trucking corporation with sales of $8,000,000 annually to defend a relatively straight forward contract action in Connecticut.
There are insufficient reasons for the Court to decline to exercise jurisdiction.
Motion to Dismiss is Denied.
McWEENY, J.