[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE INJUNCTION
In its memorandum of October 1, 1992 the plaintiff has set forth a "chronology" of the background for this action which the court finds to be undisputed. The court attaches that "chronology" to this memorandum.
In addition, the court finds the following: The defendant Susi Contracting Company, Inc. (Susi Co.) was a New York corporation. The defendant Rosalie DaSilva is the Executrix of the Estate of Mary Susi (Executrix).
Bradley Wolfe (Wolfe) was at all relevant times a duly admitted Connecticut attorney and a member of the law firm of Gordon, Muir and Foley.
Wolfe had contact with Attorneys Cantor and Herbst of the New York law firm of Greenberg, Cantor and Reiss (Greenberg firm) and took direction from them in regard to claims of one Earl E. Willametz (aka Earl Edward Willametz) beginning in late 1983. He first met with Susi Co. re Willametz in 1978. The Greenberg firm represented Susi Co. from 1978 through 1984. It still represents Susi Co.
In June 1983 Earl Edward Williametz brought an action in the Middlesex Judicial District against Susi, the CT Page 11701 Administrator of the Estate of Mary Susi (Administrator) and this plaintiff. That action was given #39693. On October 24, 1983 Wolfe entered his appearance for both Susi Co. and the Administrator in that action. This is found in the Appellate Court decision in Earl Edward Willametz v. Susi Contracting Company Inc., 9 Conn. App. 1, 7. On December 7, 1983 Wolfe filed a motion to reopen a default which had been entered against his two defendants and on both December 16 and December 30, 1983 filed a motion to reopen a default which had been entered against his two defendants and on both December 16 and December 30, 1983 filed a memorandum in support of his motion. On April 2, 1984 Wolfe was served with a property execution naming Susi Co. in that action. On May 1, 1984 he filed an appeal of the "Judgment and Denial of Motion to Reopen same" in that action. In April 1986 Attorney Julius L. Schapia of the Cantor law firm briefed and argued the appeal to our Appellate Court in that matter. id. 1. In addition Attorney Cantor himself came and was a witness in that action. id. 9.
On May 29, 1984 Earl Edward Willametz brought another action in the Middlesex Judicial District against Susi Co. and this plaintiff. That action was given #39564. Wolfe acted in the same fashion in that action as in #39693. On appeal to the Appellate Court the two cases were consolidated.
In March of 1984 Wolfe communicated with New York attorney named Herbst in regard to an action of interpleader called Willametz v. Susi et al. Thereafter he sent a copy of the papers in that action to Herbst with a letter dated March 15, 1984. The correct name of the case is Hartford Accident Indemnity Company v. Earl E. Willametz et al. The Estate of Mary Susi (Estate) is a defendant in that action as is Susi Co. That case was returned to the Middlesex Judicial District and given #41384. On April 10, 1984 Wolfe entered his appearance in that case for Susi Co. only.
On April 9, 1984 all the interested parties in the interpleader action appeared before Judge Budney in Middletown and "made oral argument." Those parties submitted briefs but no evidence. Wolfe submitted the brief for Susi Co. and mailed it "to all counsel of record on 4/2/84." Wolfe was authorized to represent Susi Co. in that action. CT Page 11702 The Connecticut superior court then had jurisdiction of Susi Contracting Company, Inc. Wolfe was working for and with the Greenberg firm in the interpleader action as is clear from his testimony and Exhibits X, AA, BB, CC, and DD. On behalf of Susi Co. he did not file a motion to dismiss under Practice Book 142 for any of the reasons listed in Practice Book 143 and thus any such claims were waived. Practice Book 144.
The plaintiff here did what it was required to by the court in the case of Hartford Accident Indemnity Company v. Earl E. Willametz et al., #41384, the interpleader action brought in the Middlesex Judicial District. It paid $158,292.02 to the clerk of our superior court, Middlesex Judicial District. That sum was disbursed completely in accordance with Exhibit N herein.
It is the Greenberg law firm that represents Susi Co. in a New York state action against this plaintiff for these same funds. The testimony of Wolfe makes it clear that the Greenberg firm authorized Wolfe to work for Susi Co.'s interests in the interpleader action including filing an appearance. The memorandum Wolfe filed was not only discussed with Herbst of the Greenberg firm but a lot of it was Herbst's work. The Greenberg firm was authorized to act in the interpleader action by Rosalie DaSilva and the Greenberg firm clearly authorized Wolfe to appear.
Susi Co. has not presented any contradictory evidence.
Upon receipt of the interpleader complaint from Wolfe the Greenberg firm had an obligation to either forward it to Susi Co. or at least tell Susi Co. of its receipt. Shalant v. State Bar of California, 33 Cal.3d 485, 658 P.2d 737, 739; New York Bar Association Code of Professional Responsibility as taken from the American Bar Association Model Code of 1970 as amended. Rules 1.3, 1.4, and 1.15. This court infers that the Greenberg firm fulfilled its obligation.
The Greenberg firm still represents Susi Co. in the New York action. No one from that firm came to this court to contradict any of the agency evidence.
The superior court of Connecticut had jurisdiction over Susi Contracting Company, Inc. in Hartford Accident 
CT Page 11703 Indemnity Company v. Earl E. Willametz, et al., CV-41384 (Superior Ct. Middlesex JD). The plaintiff has complied with the orders of the court in that action and as a result is no longer liable for payment of the judgment in Susi Contracting Company, Inc. v. Hartford Accident Indemnity Company (Supreme Ct. of New York #09631 — 1971) (the "1972 judgment").
N. O'Neill, J.