STATE OF CONNECTICUT *v.* GILBERTO COLON
(11454)

STATE OF CONNECTICUT *v.* CARMEN PEREZ
(11693)

DUPONT, C. J., HEIMAN and SCHALLER, Js.

Argued April 26—decision released August 10, 1993

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* chief state's attorney, *Joan K. Alexander* and *Paul E. Murray,* assistant state's attorneys, and *Adam Scott* and *Mark Tallo,* law student interns, for the appellant (state).

*Kent Drager,* assistant public defender, for the appellees (defendants).

SCHALLER, J. This consolidated appeal arises from the action of the trial court in rendering judgments of dismissal in two criminal cases. The judgments followed orders suppressing evidence in both cases for the reason that the document purporting to be an affidavit supporting the search and seizure warrant involved in both cases lacked a completed jurat.[1] The court gave permission to the state to appeal both judgments. The state presents the following issues on appeal: (1) whether the lack of a completed jurat on the document offered to

---

[1] General Statutes § 3-94a (2) provides: " 'Jurat' means a notarial act in which a notary public certifies that a signatory, whose identity is personally known to the notary public or proven on the basis of satisfactory evidence, has made, in the notary public's presence, a voluntary signature and taken an oath or affirmation vouching for the truthfulness of the signed document."

support a search and seizure warrant renders the resulting warrant invalid; and (2) whether, if the warrant is invalid, the evidence obtained pursuant to that warrant should be suppressed by the application of the exclusionary rule. We affirm the judgments of the trial court.

The following facts are not in dispute. On February 6, 1992, Detectives Michael Perodeau and Stephen Grabowski of the Hartford police department appeared before Superior Court Judge Carmen Espinosa, the issuing magistrate, and submitted an application for a search and seizure warrant using the standard six page form (Form JD-CR-61, Rev. 12-89). Pages two and three of the form provided space for the affidavit to support the warrant. Page four of the form provided space for an affidavit to support a request to delay the delivery of the entire warrant application to the owner of the property to be searched. Page five was the actual search and seizure warrant, and page six provided space for an inventory of the items seized pursuant to the warrant. While both Perodeau and Grabowski signed and dated the document supporting the warrant on page three, the issuing magistrate did not sign or date the jurat.[2] The affidavit supporting the request to delay delivery, including the jurat, was properly signed and dated by Perodeau, Grabowski, and the issu-

---

[2] Colon filed a motion to suppress evidence on April 29, 1992, which the court granted on May 4, 1992. On May 12, 1992, the state filed a motion to open and reconsider the suppression decision in order to "present affidavits and testimony of Judge Espinosa and Officers Grabowski and Perodeau . . . in order to establish the administration of the oath on February 6, 1992." The court also granted that motion. In Judge Espinosa's affidavit, she stated that although she did not sign the jurat, that inaction "was an oversight. The officers swore to the truth of the contents of the affidavit in my presence and I used that sworn affidavit to support my probable cause finding necessary for the issuance of the Search and Seizure Warrant on page 5 of form JD-CR-61."

Perez filed a motion to suppress evidence on July 16, 1992. The state presented similar evidence in this case, including Judge Espinosa's affidavit.

ing magistrate. In addition, the issuing magistrate signed and dated the search and seizure warrant itself.

Unaware that the court had not signed or dated the jurat on the document supporting the warrant, Perodeau and Grabowski, relying on the validity of the warrant, conducted a search of the premises described in the warrant. The detectives found narcotics on the premises. The state then charged both Gilberto Colon and Carmen Perez with crimes involving narcotics violations.

I

The state first argues that the lack of a completed jurat on the document offered to support the search warrant does not render invalid the search warrant. We are not persuaded.

As a threshold matter, we note that these cases involve General Statutes § 54-33a (c),[3] which states in pertinent part that "[a] warrant may issue only on *affidavit* sworn to by the complainant or complainants before the judge and establishing the grounds for issuing the warrant . . . ." (Emphasis added.) The federal and state constitutions form the background of § 54-33a (c) by requiring that a search warrant be based on "probable cause" that is "supported by oath or affir-

---

[3] General Statutes § 54-33a (c) provides: "A warrant may issue only on affidavit sworn to by the complainant or complainants before the judge and establishing the grounds for issuing the warrant, which affidavit shall be part of the arrest file. If the judge is satisfied that the grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person, place or thing to be searched. The warrant shall be directed to any police officer or a regularly organized police department or any state policeman or to a conservation officer, special conservation officer or patrolman acting pursuant to section 26-6. It shall state the grounds or probable cause for its issuance and it shall command the officer to search within a reasonable time the person, place or thing named, for the property specified."

mation."[4] Section 54-33a (c), however, offers more specific criteria for the issuance of a valid search warrant, including the requirement of an *affidavit*.

We have previously held in a civil context that a document lacking the formalities of an affidavit is *not* an affidavit. *Willametz* v. *Susi Contracting Co.,* 9 Conn. App. 1, 6–7, 514 A.2d 383, cert. denied, 201 Conn. 814, 517 A.2d 631 (1986). In *Willametz,* the purported affidavit lacked "any attestation that the statements contained therein were made under oath before some person authorized by law to administer an oath," and, as a result, the court concluded that "the mere fact that the plaintiff described this document as an affidavit did not make it one." Id., 7. Thus, we have concluded that the definition of an affidavit in this civil context includes the jurat, or "attestation." Without the jurat, the document is not an affidavit.

Our Supreme Court has often repeated the view that "[w]hen we have occasion to construe the rules of criminal procedure, they 'are to be strictly construed to protect the fundamental constitutional right to liberty.' " *State* v. *Genotti,* 220 Conn. 796, 807, 601 A.2d 1013 (1992), quoting *State* v. *Cook,* 183 Conn. 520, 522, 441 A.2d 41 (1981). In addition, our courts have specified that strict construction is essential with regard to

---

[4] The fourth amendment to the constitution of the United States provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This provision was made applicable to the states by virtue of the due process clause of the fourteenth amendment to the United States constitution in *Wolf* v. *Colorado,* 338 U.S. 25, 28, 69 S. Ct. 1359, 93 L. Ed. 1782 (1949).

Article first, § 7, of the Connecticut constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

search and seizure provisions. "The court must regard provisions of our statutes pertaining to search warrants with more than ordinary strictness and be ever mindful of the constitutional guarantee to citizens to be free from unreasonable search and seizure." *State* v. *Alimori*, 3 Conn. Cir. Ct. 641, 644, 222 A.2d 820 (1966) (lack of lawful signature on warrant renders warrant invalid); see also *State* v. *Surowiecki*, 184 Conn. 95, 98, 440 A.2d 798 (1981). We note that our Supreme Court, in a similar case where the warrant had not been lawfully signed, chose to adopt the "analysis and conclusion" of *Alimori*. *State* v. *Surowiecki*, supra.

Under § 54-33a (c), a valid search warrant must be supported by an affidavit sworn to by the complainants. In the civil context, we determined that the jurat is considered a part of the affidavit, making the affidavit a self-proving document. *Willametz* v. *Susi Contracting Co.*, supra, 6–7. Strict construction of the term "affidavit" in the criminal context, where we are concerned with the liberty of our citizens, certainly requires no less. Thus, the term "affidavit" in the substantive requirements for the issuance of a valid search warrant in § 54-33a (c) includes the jurat. As applied to these facts, the document signed by Grabowski and Perodeau is not an affidavit. It follows that the requirement set forth in § 54-33a (c) that a warrant be supported by an affidavit of the complainants has not been met, rendering the warrant invalid.

II

In the alternative, the state posits that, even if the warrant is invalid, the exclusionary rule is not the proper remedy. We disagree. The general remedy for evidence seized pursuant to an invalid warrant is the exclusion of that evidence. *Mapp* v. *Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). Our Supreme Court has also recognized that the exclusionary rule

is the appropriate remedy for evidence obtained through searches and seizures declared invalid pursuant to the Connecticut constitution. *State* v. *Dukes,* 209 Conn. 98, 110, 547 A.2d 10 (1988). The affidavit supporting a search warrant is clearly an integral part of the substance of § 54-33a (c), which protects the liberties of our citizens through specific provisions concerning the warrant issuing process. As we have said, the completion of the jurat on a document purporting to be an affidavit is essential to the creation of an actual affidavit. Absent the jurat, the document is not an affidavit. The substantive requirements of the warrant issuing process not having been met, the warrant is invalid. It follows that, unless an exception to the exclusionary rule applies, the suppression of evidence obtained as a result of an invalid search warrant is the appropriate remedy.

The United States Supreme Court has provided a "good faith" exception to the general exclusionary rule regarding invalid search warrants. *United States* v. *Leon,* 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984); *Massachusetts* v. *Sheppard,* 468 U.S. 981, 104 S. Ct. 3424, 82 L. Ed. 2d 737 (1984). Our Supreme Court, however, has chosen to reject this "good faith" exception under our state constitution where a search warrant is invalid. *State* v. *Marsala,* 216 Conn. 150, 579 A.2d 58 (1990). In addition, the court has found that the deterrent effect of the exclusionary rule need not fall solely on the police, but that it is "also appropriately directed at the warrant issuing process . . . ." Id., 167. By extending the exclusionary rule to the actions of judges and magistrates, the court sought to " 'preserve the integrity of the warrant issuing process as a whole.' " Id., 169, quoting S. Wasserstrom & W. Mertens, "The Exclusionary Rule on the Scaffold: But Was It a Fair Trial?" 22 Am. Crim. L. Rev. 85, 109 (1984).

Because the issuing magistrate did not sign and date the jurat of the document offered to support the search and seizure warrant in these cases, the warrant is invalid. Accordingly, the trial court properly suppressed the evidence obtained pursuant to that warrant.

The judgments are affirmed.

In this opinion the other judges concurred.