[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff acting as the representative of the Estate of Myron Gallup, her late husband, brought suit against the defendant J. William Burns, Commissioner of the Department of Transportation.
The revised complaint alleges that Myron Gallup was proceeding south on I-91 near the Windsor/Hartford town line when his "vehicle went off the highway and through the median divider barrier "crossing into the northbound lanes. Mr. Gallup then CT Page 785 collided with a truck and this unfortunate accident led to his death. In paragraph 5 it states the plaintiff "was in the exercise of due care at the time of the accident. The complaint goes on to allege that the plaintiff's injuries and losses "were caused solely by the breach of statutory duty of the defendant pursuant to Conn. Gen. Stats. 13-144." The complaint specifies the following violations of statutory duty, (1) solid metal or concrete dividers were replaced by sand filled barrels with spaces between them creating an inadequate barrier; (2) no signs warned motorists of this "hazardous and dangerous" situation; (3) the defendant commissioner knew or should have known of the inadequacy of using these barrels as dividers; and (4) the condition existed for a sufficient period of time so that the commissioner knew or should have known of them and should have taken steps to correct the condition.
The defendant commissioner has now moved for claiming there is no issue of material fact remaining between the parties and the defendant is entitled to judgment as a matter of law. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
The state is immune from suit unless it consents to be sued by appropriate legislation. Therefore, it has been held that statutes in derogation of sovereign immunity should be strictly construed. Applying these standards, Section 13a-144 of our general statutes has been interpreted as "imposing a duty on the commissioner . . . to assume liability in damages only when a defective highway is the sole proximate cause of a victim's injury." White v. Burns, 213 Conn. 307, 312, 331
(1990).
In this case the complaint does not allege and the plaintiff makes no claim for the purposes of this motion through affidavit or otherwise that the barrels protruded into the traveled portion of the highway or in themselves caused Mr. Gallup to lose control of his car. The plaintiff has admitted the following in response to the defendant's request for admissions (1) There are no known witnesses who can testify as to why the plaintiff's decedent drove his car off the highway and through the barriers into a truck traveling in the opposing lane of traffic; (2) there are no known witnesses who can testify that the decedent was exercising reasonable care while operating his car at the time of the accident; (3) the plaintiff also admitted that the conditions complained of did not cause the decedent to leave the southbound lane and enter the northbound lane. CT Page 786
The plaintiff has attached a state police report to its brief indicating alcohol was not a factor in the accident. A statement from his wife indicates he seemed fine when he left for work. He got his normal sleep and was working his normal work hours. A statement from his foreman does not indicate anything untoward occurred on Mr. Gallup's work shift prior to the accident. His hours typically terminated at 8:00 A.M. and the accident happened at 8:16 A.M.
The plaintiff maintains that the defendant has presented no evidence that the decedent failed to exercise reasonable care. But given the pleadings and the plaintiff's compliance with the request for admissions it is clear that the decedent only drove through the barrels set up as a divider because he left the traveled portion of the highway. The case of Roy v. Michaud,5 Conn. App. 695, 700 (1985) is instructive. There too a vehicle left the traveled portion of the highway striking a rock ledge. The passenger, Roy, died in the collision and sued the commissioner claiming lack of a guard rail was the sole proximate cause of the death. The trial court granted a motion for a directed verdict on two grounds, one of which was that the driver of the car "was free from negligence, and, thus, the plaintiff could not, as a matter of law, establish that the claimed defect in the highway was the sole proximate cause of the death." id. at page 697. The car was being driven within the speed limit and witnesses could provide no reason why the vehicle drifted off the road. The trial judge's decision was upheld. The court held that there was insufficient evidence upon which to base a finding that what caused the vehicle to leave the traveled portion of the road was some factor not related to the negligence of the driver. The only evidence indicating the driver was exercising due care was that he was traveling within the speed limit but the court held that alone was insufficient as a basis for a finding that the driver was not negligent in leaving the traveled portion of the highway. Cf. Burke v. West Hartford, 147 Conn. 149, 152
(1960).
The defendant tries to distinguish the Roy case by pointing to the fact that the trial judge there made his ruling at trial but here summary judgment is being requested six months before trial "when further facts and/or witnesses may be discovered." This action was commenced almost four years ago. The simple answer to the plaintiff's observation is that it was unfortunate that summary judgment procedures were not resorted to in the Roy CT Page 787 case. It cannot be a defense to a motion for summary judgment that where it has been shown no material issue of fact exists the motion should still be denied because some facts or witnesses may be discovered which will raise a material fact between the parties. According to plaintiff's reasoning, motions for summary judgment would almost never be appropriate and perhaps only viable when a party has made admissions to the material claims and facts made by the opposing party.
This leads to the second major objection made by the plaintiff to this motion. He cites Willametz v. Susi Contracting Co., 9 Conn. App. 1, 5, footnote 5 for the proposition that a motion for summary judgment should not be granted where the moving party has not submitted an affidavit. However, the requirements of Practice Book 380 can be waived in the appropriate case. Pepe v. New Britain, 203 Conn. 281, 287
(1987), Cf Batick v. Seymour, 186 Conn. 632, 645 (1982). The comment of Moller v. Horton, Connecticut Practice 1, Supp 380, p. 216 is instructive.
 . . ."a party should file some documentation setting forth evidence admissible at trial to support or oppose a motion for summary judgment. An affidavit is not the sole way of presenting such evidence. Implicit in those cases which deny or grant summary judgment based on the failure to file a supporting or opposing affidavit is the assumption that no other acceptable documentation was filed either . . . . There are exceptions to this requirement. For example, the trial court granted a defendant bank summary judgment even though the bank did not file a supporting affidavit because the issue was one of law which could be decided on the plaintiff's admissions. Boulay v. Bigonesse, 3 CSCR 320 (1980)."
Also see Barone v. Schuster Express Inc., 2 Conn. Super 315 (1987), Cf Boucher Agency Inc. v. Zimmer, 160 Conn. 160 Conn. 404, 408 (1971).
In this case the court can fairly rely on the issues as raised by the pleadings, the plaintiff's response to the defendant's request for admissions, and the representations in the plaintiff's brief regarding the absence of any known facts or witnesses which will further elucidate the circumstances of this CT Page 788 unfortunate accident.
Also, the court believes that despite the procedural objections raised by the plaintiff to the court's hearing of this motion, it should, in fact, be heard to expedite the business of the court and serve the original purposes of summary judgment procedure.
The motion for summary judgment is granted.
Corradino, J.