[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that the plaintiff's complaint is barred by the applicable two year statute of limitations as set forth in General Statutes § 52-596.
On May 5, 1993, the plaintiff, State of Connecticut (the State), brings this action through its Commissioner of Labor, Ronald F. Petronella, ex rel. fifteen employees, acting pursuant to statutory authority under General Statutes § 31-68, wherein he is authorized to collect any and all unpaid minimum and overtime wages. The plaintiff alleges in a single count, that the defendant, Pilot's Point Marina, an employer in the State of Connecticut, failed to pay fifteen of its employees overtime wages which accrued between January 3, 1988 and March 28, 1990.
The plaintiff further alleges that prior to the institution of this action, it made demand upon the defendant for the sum due of $16,284.35, but the defendant has failed to tender payment.
By the authority of General Statute § 31-68(a), the plaintiff seeks to collect double damages, costs, reasonable attorney's fees and interest from the date overtime wages should have been received, had such wages been paid in a timely manner. The plaintiff requests money damages, double damages, attorney's fees, costs and interest pursuant to General Statutes § 31-68(a) and any further equitable relief the court deems proper. CT Page 11113
On February 22, 1994, the defendant filed a motion for summary judgment on the ground that the plaintiff's claim is barred by the applicable two year statute of limitations as set forth in General Statutes § 52-596. The defendant has filed a memorandum in support of its motion for summary judgment, and the plaintiff has filed a memorandum in opposition, as well as an affidavit of Gary Pechie.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotations marks omitted.) Suarez v. Dickmont Plastics Corporation, 229 Conn. 99,105, 639 A.2d 507 (1994). "A material fact is one that will make a difference in the result of the case." (Internal quotation marks omitted.) Cummings Lockwood v. Gray,26 Conn. App. 293, 297, 600 A.2d 1040 (1991). "[T]he `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before the trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 378-79, 260 A.2d 596 (1969). When the issue is whether the statute of limitations bars the action, "summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." Burns v.Hartford Hospital, 192 Conn. 451, 460 (1987). Summary judgment is "apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 367,260 A.2d 596 (1969).
Pursuant to § 380, each party is required to file affidavits, documents, exhibits or the like in support of or in opposition to the motion for summary judgment. Duhaime v.American Reserve Life Insurance Company, 200 Conn. 360, 363,511 A.2d 333 (1986). If the moving party has not submitted an affidavit, a motion for summary judgment should not be granted. Willametz v. Susi Contracting Company, 9 Conn. App. 1,5, n. 5, 514 A.2d 383 (1986), cert. denied, 201 Conn. 814,517 A.2d 631 (1986). The party opposing summary judgment must refute the affidavits submitted by the plaintiff by filing CT Page 11114 opposing affidavits and other documentary evidence.Centerbank F/K/A The Banking Center v. Silvermine LandInvestment Corporation, 8 Conn. L. Rptr. 61, 62, (december 16, 1993, Lewis, J.). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993).
The defendant argues in its memorandum in support of its motion for summary judgment that the plaintiff's claim is barred by the statute of limitations set forth in General Statute § 52-596. General Statutes § 52-596 limits actions brought for the payment of remuneration for employment to two years after the right of action accrues. The defendant further argues that the two year statute of limitation "began to run from the date the employees were allegedly owed overtime wages, which at the very latest is March, 1990." (Defendant's memorandum, p. 2). The defendant argues that the wrongful conduct occurred from 1988 through March, 1990, and the plaintiff's action was filed May, 1993. The defendant concludes that based upon these facts, the plaintiff's claim is barred by § 52-596, the applicable statute of limitations.
In response, the plaintiff argues that if the limitation period in § 52-596 is applicable to the instant action, the limitation period was tolled as to all claimants upon the filing of one wage complaint. The plaintiff further argues that the limitation of action set forth in General Statutes § 52-596 is not applicable to actions brought by the state. Finally, the plaintiff argues that the defendant has failed to establish that no genuine issue as to any material fact exists because the defendant has not offered any affidavit or documentary proof with its motion to establish that no complaint for wages was timely filed so as to prohibit the statutorily permitted tolling. Along with its memorandum, the plaintiff filed an affidavit of Gary Pechie, the Assistant Director for the State of Connecticut Department of Labor, Division of Regulation of Wages. In his affidavit, Pechie states that on August 29, 1989, Marie Carson, a complainant in the present cases, filed a complaint with his agency against the defendant. Additionally, the plaintiff submitted with its memorandum a copy of the statement of claim for wages filed by Marie Carson on August 29, 1989, with the Department of Labor against the defendant. CT Page 11115
General Statutes § 52-596, entitled, Actions for paymentof remuneration for employment, provides in full:
 No action for the payment of remuneration of employment payable periodically shall be brought but within two years after the right of action accrues, except that this limitation shall be tolled upon the filing with the labor commissioner of a complaint of failure to pay wages pursuant to the provisions of chapter 558.
"Statutes are to be applied as their words direct." (Citations omitted.) River Dock Pile, Inc. O GIndustries, Inc., 219 Conn. 787, 805, 595 A.2d 839 (1991). "When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction . . . ." (Citations omitted; internal quotation marks omitted.)Packtor v. Seppala and AHO Construction Co., 33 Conn. App. 442, 428, 636 A.2d 383 (1994). "The objective of statutory construction is to give effect to the intended purpose of the legislature . . . . It is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Citations omitted.) Rose v. Freedom of InformationCommission, 221 Conn. 217, 225, 602 A.2d 1019 (1992). "The words of [a] statute are to be given their commonly approved meaning, unless a contrary intent is clearly expressed." (Citations omitted; internal quotation marks omitted.) Statev. Kish, 186 Conn. 757, 764, 443 A.2d 1274 (1982).
The defendant, in its motion for summary judgment and memorandum of law in support failed to acknowledge that one of the employees, Marie Carson, did file a complaint with the Labor Commission against the defendant before the statute of limitations contained in General Statutes § 52-596 had run. The defendant also failed to recognize critical language in the statute which provides that the "limitation shall be tolled upon the filing with the labor commissioner of a complaint of failure to pay wages pursuant to the provisions chapter 558." General Statutes § 52-596. Applying the well established rules of statutory construction to the present case, since one of the employees filed a complaint with the labor commissioner alleging failure to pay overtime wages within two years from the date her right of action CT Page 11116 accrued, the statute was tolled at least as to one complainant.
Contrary to the defendant's argument in support of its motion for summary judgment, General Statutes § 52-596 does not bar the plaintiff's entire complaint. Accordingly, the defendant's motion for summary judgment is denied.[1]
Mary R. Hennessey, Judge