[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The issue before the court is should the defendants, Rental CT Page 81 Car Resources, Inc. d/b/a Budget Rent A Car, (RCR), Budget Rent A Car System, (Budget), and Rotecia Smith's motion for summary judgment be granted in light of the recent Connecticut Supreme Court ruling that lessors of automobiles are only vicariously liable for damages caused by the vehicles they own when the driver of the vehicle at the time of the accident was a contractually authorized driver.
It is found that the defendants' motion for summary judgment should be denied despite the Supreme Court's new ruling because the defendants have failed to show an absence of material fact as to whether the driver of the vehicle was a contractually authorized driver.
Should Budget's motion for summary judgment be granted because the plaintiff has failed to allege sufficient facts to connect Budget to the present case?
It is found that Budget's motion should be denied because a material fact exists as to Budget's connection to the present case.
On May 29, 1994, the plaintiff, Troy Ruff, filed a complaint against the defendants, RCR, Budget, Smith and Roderick Williams. The complaint alleges that on July 1, 1989, the plaintiff was operating a motorcycle on Bic Drive in Milford, Connecticut when he struck an automobile operated by Williams and that Williams' negligent operation of the automobile caused the accident and the resulting injuries to the plaintiff. The complaint alleges further that Smith had leased the automobile from RCR, the owner of the automobile, and that Smith allowed Williams to operate the vehicle. The complaint is silent as to Budget, except that it identifies RCR as "Rental Car Resources, Inc. d/b/a Budget Rent A Car."
On November 18, 1991, RCR and Smith filed a motion for summary judgment on the ground that Williams was in wrongful possession of the automobile at the time of the accident because he had not received express or implied authority to operate the vehicle from Smith. In support of their motion, RCR and Smith filed a memorandum of law, an affidavit of Beverly A. Simone, written statements by Smith and Williams, a copy of the police report relating to the accident and a copy of the rental agreement by and between RCR and Smith. The plaintiff filed a memorandum of law in opposition to the defendants' motion, a copy of the police CT Page 82 accident report and an affidavit of Ruff. On February 24, 1994, the court, Lewis, J., filed a memorandum of decision denying the defendants' motion on the ground that a question of material fact existed as to whether Williams had implied authority to operate the automobile. On February 16, 1994, RCR and Smith filed a supplemental motion for summary judgment which was never heard by the court. On November 3, 1994, RCR, Smith and Budget filed the present motion along with a memorandum of law in support thereof and a copy of the rental agreement by and between RCR and Smith. The defendants claim that the recent Supreme Court ruling inPedevillano v. Byron, 231 Conn. 265, ___ A.2d ___ (1994), requires a finding that, as a matter of law, RCR, Smith and Budget are not vicariously liable to the plaintiff pursuant to General Statutes § 14-154a. The defendants also claim that Budget is entitled to summary judgment because the complaint does not allege facts sufficient to maintain a cause of action against Budget. The plaintiff has not filed a memorandum in opposition to the present motion.
As a preliminary matter, to reach the merits of the defendants' motion for summary judgment, the court must first consider the defendants' Request for Permission to File Motion for Summary Judgment. The present case is currently assigned for jury trial to begin December 5, 1994. Hence, pursuant to Practice Book § 379, a party moving for summary judgment must seek permission to do so from the court. There is no indication in the court file that the court granted permission to the defendants to file the motion. Nevertheless, assuming that the court did or will grant permission to file the motion, it is clear that the court may proceed to the merits of the motion which were heard at short calendar on November 14, 1994.
Pursuant to Practice Book § 384, summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,103, 639 A.2d 507. Practice Book § 380 provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." See also Orenstein v. OldBuckingham Corp. , 205 Conn. 572, 574, 534 A.2d 1172 (1987). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible as CT Page 83 evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Id.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics Corp. , supra, 214 Conn. 105. "[I]f a moving party's papers are insufficient to discharge his burden of showing that no material fact is genuinely in issue, the opposing party does not have to produce contravening material." Walker v. Lombardo,2 Conn. App. 266, 269, 477 A.2d 168 (1984).
In the present case, the defendants claim that they are entitled to judgment as a matter of law because there is no issue of material fact as to their assertion that Williams was not an authorized driver of the subject automobile pursuant to the terms of the rental contract between RCR and Smith.[1] The defendants argue that pursuant to the supreme court's ruling in Pedevillano, neither RCR, Budget nor Smith can be held vicariously liable under § 14-154a unless Williams was an authorized driver.
In their memorandum in support of their motion, the defendants refer the court to handwritten statements, signed by Smith and Williams, that set forth such facts as Williams' date of birth, the living arrangements between Smith and Williams at the time of the accident, the familial relationship between Smith and Williams and the conditions under which Williams came into possession of the automobile on the day of the accident. All of these facts are offered by the defendants to show that Williams was not an authorized driver pursuant to the rental agreement between RCR and Smith. It is noted that the defendants have not provided the court with any other acceptable source from which these facts may be gleaned.
The Practice Book allows a moving party to support a motion for summary judgment with, among other things, affidavits. An affidavit has been defined as "`[a]ny voluntary ex parte statement reduced to writing, and sworn to or affirmed before some person legally authorized to administer an oath or affirmation.'"Willametz v. Susi Contracting Co., 9 Conn. App. 1, 7, 514 A.2d 383
(1986), quoting Ballentine's Law Dictionary (3d. Ed. 1969); see CT Page 84 also Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1,8, 513 A.2d 1218 (1986). Recorded but unsworn statements not within any exception to the hearsay rule cannot be relied upon to support a motion for summary judgment. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984).
It is clear that the statements signed by Smith and Williams are not affidavits because they were not taken under oath before a person authorized to administer oaths. In addition, it is clear that the statements by Smith and Williams relied upon by the defendants are inadmissible as hearsay and that the court may not rely upon them in determining the merits of the defendant's motion. Accordingly, it is found that the defendants have failed to demonstrate that a genuine issue of material fact does not exist as to whether Williams was an unauthorized driver pursuant to the rental agreement. Therefore, it is found that the defendant's motion for summary judgment on the ground that thePedevillano case bars vicarious liability as to RCR, Smith and Budget should be denied and is denied.
Budget's second ground for summary judgment is that the plaintiff's complaint contains insufficient facts and/or legal theories to support a cause of action against Budget. Budget argues that the complaint is completely devoid of facts that connect Budget to the present controversy.
The JD-CV 1 form contained in the court file names Budget Rent A Car System as a defendant. The complaint alleges that Rental Car Resources d/b/a Budget Rent A Car, owned the automobile operated by Williams. It is unclear from the complaint what relationship Budget and RCR bear to each other. Moreover, Budget has provided no affidavits or other evidence indicating what if any connection Budget has or does not have to the present controversy. It is noted that if Budget is an entirely unconnected party, or if the connection to this action is so tenuous that, as a matter of law, Budget could not be held liable, Budget could have provided this court with an affidavit or other evidence in support of that position. It is further submitted that without such proof, a question of material fact exists as to Budget's connection to the present case, and hence, summary judgment as to Budget should be denied and is denied. The motions are denied.
WILLIAM J. McGRATH, JUDGE CT Page 85