[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff's property is located in a general commercial 1 zone in Berlin. The defendant's regulations of the GC-1 zone specifically permit ". . . indoor or outdoor commercial recreational facilities including. . . . go kart facilities . . . subject only to site plan approval."
On June 11, 1996 the Commission denied the plaintiff's application for site plan approval because of non-compliance with Zoning Regulations Sections VI.F, IX.B. 14.c.4, IX.B.14.c.4.a, IX.B.14.c.5, X.D.3, XIII. 9.(b, k).
By memorandum of decision dated May 12, 1999, this court invalidated the first four Sections relied upon for denial, finding that those regulations had never been adopted. Further, the court found that the adoption of noise regulations, as authorized by § 22a-67 — 22a-76 of the General Statutes, specifically set forth procedures required to be followed by a municipality when adopting noise regulations promulgated under the authority of the General Statutes. In its Memorandum of Decision the court stated:
 "The court finds that the legislature, intended Chapter 442 to preempt the field of comprehensive noise pollution to the Commission of Environmental Protection and local ordinances adopted in accordance with Chapter 442. Accordingly, the court finds that the noise pollution restrictions contained in Section X.D.3 are ineffective as applied to this site plan review."
In its May 12, 1999 memorandum, the court held that Section X.B.3 was ineffective as applied to this site plan review.
The court held that Section XIII. 9 (b, k) was adopted with technical defects but was saved by the Validating Act. In finding the Validating CT Page 7806 Act sufficient to save this regulation, the court largely relied on a Superior Court decision, Taft v. Wheelbrator, (Sferrazza, j) Windham JD, (1/20/98). In Taft v. Wheelbrator, 55 Conn. 359, a decision released on October 19, 1999, the Appellate Court reversed Judge Sferrazza's opinion upon which this court had relied. At a minimum, the Appellate Court's reversal of Taft v. Wheelbrator, raises serious questions about this court's validation of Section XIII. 9(b) and Section XIII. 9(k). However, following its May 12, 1999 decision, the court issued a pre-appeal articulation. This articulation followed the Appellate Court's granting of certification of the matter decided on May 12, 1999, but preceeded the filing of any actual appeal by either side. In that articulation the court wrote:
 "Because Section XIII. 9 is found to have been adopted by the Commission, although with technical defects in the process, because it does not implicate the preemption of Chapter 442, and because the court finds that it is validated by the Validating Act of 1997, Article XIII. 9 may be applied to this application. However, no section may be applied to this application which the court has found not to have been adopted, nor may any noise regulation be applied which grows out of the comprehensive regulations of Chapter 442."
In its May 12, 1999 memorandum of decision, the court had earlier written:
 "The matter is remanded to the Commission to reexamine the proposed site plan review, relying on the landscaping and screening regulations in effect immediately prior to April 26, 1995, to review the site plan without regard to any comprehensive noise regulations as set forth in Section X.D.3 and to review the site plan under Section XIII. 9 (b, k) only insofar as the Commission has other regulations dealing with the arrangement of buildings or the adequacy of landscaping and buffers."
Subsequent to the court's remand, the Commission granted permission for electric go-karts but not gas go-karts. That action was accompanied by considerable acrimony which need not be described in detail. However, it is relevant that in response to the issues of that permit the town moved to dismiss the appeal as moot. That motion to dismiss was filed by the defendant in Berlin Batting Cages, Inc. v. Berlin Planning ZoningCommission, CV00-0499800S, Judicial Disttict of New Britain. Judge Cohen entered judgment remanding the plaintiff's application back to the Berlin Planning Zoning Commission with orders that the Berlin Planning 
CT Page 7807 Zoning Commission immediately proceed to hear the application pursuant to this court's remand order of May 12, 1999.
A virtually identical motion to dismiss was filed with this court on the eve of the argument of the case now being decided. This court denied the motion to dismiss from the bench reasoning that the issuance of a permit for electric go-karts did not render an application for gas go-karts moot.
The court notes that the original application in this matter was filed on June 12, 1996. The court remanded the matter to the Commission on May 12, 1999, and sometime after April 20, 2000 the matter was again remanded to the Commission for action by Judge Cohen. This matter has been in courts a on relatively simply site plan review for nearly five years. It has been subject to a full hearing before this Judge. It has been subject to a decision by Judge Cohen. It has been the subject of a grant of certification by the Appellate Court and now it is once again before this court for decision. This court specifically directed consideration under Section XIII. 9 (b, k), . . . "insofar as the Commission has other regulations dealing with the arrangement of buildings or adequacy of landscaping and buffers." In view of the Appellate Court's action in October of 1999 overruling Wheelabrator, the specific direction in the remand was probably inaccurate. However, the court is reluctant to remand the matter again and reluctant to deny the Commission the right to review the application in accordance with the explicit terms with the remand.
The Commission's brief describes the Commission's somewhat confusion action on remand in the following terms:
 "The record in this case supports the Commission's decision to deny the application, including record items 1 through 198 and A through Y. A review of the record reveals that there was considerable concern by the Commission that the noise generated by the gas go-karts would have a significant negative impact on the abutting residential property fifty feet (50') away. The Applicant submitted reports and introduced evidence from an acoustics expert as did the Commission. Return of record No. 17 and 23. In a Memorandum dated July 8, 1996, the Town Planner, Brian Miller, recommended denial of the Application due to concerns with noise affecting the abutting residential neighbor." ROR No. 21 . . .
"The Commission acted in a deliberate, judicious manner in considering the remanded Application. The Commission was notified of the remand in a letter CT Page 7808 dated
May 11 2000." [footnote omitted] ROR No. A
 "The matter was placed on the Commission's agenda for the June 8, 2000 meeting. ROR Nos. C, D, E. At the June 8, 2000 meeting the Commission decided it needed legal advice and tabled the matter to the June 22, 2000 meeting. ROR No. F. Following the meeting, the Commission requested the Town Attorney's presence at the June 22, 2000 meeting. ROR Nos. F, H. Prior to the meeting, the Town Attorney provided advice to the Commission in a letter dated June 19, 2000. ROR No. L. During the June 22, 2000 meeting the Town Attorney provided further advice to the Commission. ROR N. N. At the conclusion of the June 22, 2000 meeting the Commission needed additional time to review the Record and set two special meetings, July 6, 2000 and July 10, 2000, to consider and act upon the Application. ROR Nos. N, P, V. The Commission had sixty-five days, absent extensions, from the May 8, 2000 court order to take action, or until July 13, 2000."
 "The transcript of the July 6, 2000 meeting reveals that some Commission members were concerned with landscaping and buffer issues as well as which regulation would be applied in light of the court invalidating some regulations. ROR No. Q, pp 6-7. The critical issue of health, safety and welfare for the abutting neighborhood was discussed and it was determined that Section XIII 9 (b, k) was the appropriate reference to support its decision that the Application did not meet the zoning regulations because of the health, safety and welfare concerns for the immediate neighborhood. ROR No. L, p 8."
 "Unfortunately, the transcript of the July 6, 2000 meeting includes some inaudible portions and, therefore, it is less than clear what specific motion the Commission acted upon. It appears that an intention to reference Section XIII .9 (b, k) may not have occurred since Commissioners s Moore's original motion on page 4 is less than clear and thereafter there was discussion about amending the motion, which never occurred."
CT Page 7809 In light of the view that the court takes of this matter, it is unnecessary to decide whether the Appellate Court action in Wheelabrator
requires the court at this time to invalidate Section XIII. 9. This Section is headed "Standards for Approval". Its introductory language provides: "In reviewing and acting upon an application for site plan approval, the Commission shall take into consideration that the health, safety and welfare of the public in general and the immediate neighborhood in particular, as well as the following factors: . . . . b. the arrangement of buildings, structures and uses of the site; . . . . k. the adequacy of landscaping treatment, including any buffer and other screening."
In the first place, in its original memorandum of May 12, 1999, the court allowed the use of Section XIII .9 (b and k) . . . "only insofar as the Commission has other regulations dealing with the arrangement of buildings or the adequacy of landscaping and buffers. In its denial on remand, the Commission cites no such other regulations.
The Standards for Approval in Section XIII. 9 appear to be procedural standards intended to refer to other regulations. Yet the Commission grounds its denial of the permit solely on these procedural standards. More importantly, this is a site plan review not a request for zone change. The Appellate Court has held:
 "When an agency undertakes consideration of a site plan application, it has no independent discretion beyond determining whether the plan complies with the site plan regulations and applicable zoning regulations incorporated into the site plan regulations by reference, Borden v. Planning Zoning Commission, 58 Conn. App. 399, 408
(2000)."
While some recent case law may accord local agencies slightly more discretion in dealing with site plans, the law in Connecticut is still as stated by the Appellate Court in the following language:
 "In ruling on a site plan application, the planning commission acts in its ministerial capacity, rather than its quasi-judicial or legislative capacity. It is given no independent discretion beyond determining whether the plan complies with the applicable regulations." [citations omitted]
"The board is under a mandate to apply the requirements of the regulations as written." Roraback v. Planning Zoning Commission, 32 Conn. App. 406 (1993). CT Page 7810
Assuming that Section XIII. 9 is valid, even in the face of the Appellate Court's reversal of Wheelabrator, and further assuming that the standards of approval may be used as subsitive guidelines, the Commission's only objection to the applicant's proposal appears to be an objection to noise. Numerous regulations which might have pertained to the applicant's site plan have been previously been stricken by this Court. The Commission's noise regulation was specifically stricken by this Court. A review of Section XIII. 9 demonstrates concern for:
". . . adequacy of access for fire, police and ambulance services . . . adequacy of design of the storm drain system . . . adequacy of water, sewer and other public facilities . . . the direction of outdoor lighting . . . the size, location and type of signs . . . and adequacy of landscaping treatment, including any buffers and other screening." Nowhere in the section relied upon to fulfill its ministerial duty of reviewing a site plan, do the Berlin Planning Zoning Commission Regulations even mention the word, "noise".
The court finds that the Commission had no legal basis to deny the site plan application.
Section 8-8 (k) provides "If a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board's decision or orders the particular board action."
The appeal of the applicant is sustained and the Berlin Planning and Zoning Commission is directed to issue the requested permit.
By the Court,
 Key E. Booth Judge of the Superior Court